Jacqueline M. POLK, Appellant

v.

SOUTHWEST CROSSING HOME-OWNERS ASSOCIATION, Sammy Deleon, W. Austin Barsalou, Parker & Company, Inc., Consulting Management and Investments, Vicki Ward, Dora M. Parker, and Joel C. Clouser, Sr., Appellees.

No. 14–04–00499–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 12, 2005.

Sandy C. Robinson, III, Huntsville, AL, for appellants.

Mark E. Roberts, Marc D. Markel, M. David Frock, W. Austin Barsalou and John Bradley Mitchell, Houston, for appellees.

Panel consists of Chief Justice HEDGES and Justices FOWLER and FROST.

## OPINION

WANDA McKEE FOWLER, Justice.

Appellant Jacqueline Polk contends the trial court lacked jurisdiction because her case's transfer to another district court did not comply with local rules. Additionally, Polk asserts the trial court erred when it dismissed Polk's case without giving her notice and a hearing, and further erred when it denied her motion to reinstate. We affirm.

### Factual and Procedural Background

*Polk Files Suit*

The following events led Polk to file the lawsuit that forms the basis of this appeal. Appellee Southwest Crossing Homeowners Association initially filed a suit to foreclose on Polk's home after Polk failed to pay her homeowners association dues. Prior to this initial lawsuit by Southwest Crossing, Polk had commenced bankruptcy proceedings and a stay was imposed. Despite the stay imposed by Polk's bankruptcy proceedings, appellee DeLeon was able to purchase the property at a foreclosure sale. DeLeon then filed his own suit, a forcible detainer action against Polk. In the third suit, which underlies this appeal, Polk sued Southwest Crossing and De-Leon, along with others, seeking declaratory and injunctive relief along with money damages.[1] Polk contended the defendants violated the automatic stay imposed by her bankruptcy proceedings and, as a consequence, the foreclosure was improper.

*The 268th District Court Transfers Polk's Case*

Polk filed her lawsuit in the 268th District Court of Fort Bend County on July 29, 1999. All defendant-appellees filed general denials. Later, Southwest Crossing filed a Suggestion of Bankruptcy and requested that the 268th District Court stay its proceedings until further order of the bankruptcy court. Only very limited discovery[2] occurred until late 2003.

The last document filed by Polk was her response to Southwest Crossing's Request for Admissions in 2001. Importantly, Polk's attorney, Mr. Sandy Robinson, had moved from Houston and this document reflected his new Alabama address. However, the record does not reflect that Mr. Robinson notified the court of his new address until 2004. In August of 2003, the bankruptcy court lifted its stay to allow Southwest Crossing to resume the lawsuit filed in the 268th District Court.

At some point, the case was transferred from the 268th District Court to the 400th District Court of Fort Bend County. Although the local rules of Fort Bend County require a written order for such a transfer, the record does not contain one, nor do any of the parties contend that such an order otherwise exists. Despite the lack of a written transfer order, the 400th District Court handled the remainder of Polk's case.

*The 400th District Dourt Dismisses Polk's Case*

On December 29, 2003, appellees Parker & Company, Vicki Ward and Dora Parker filed a Motion to Dismiss for Want of Prosecution. Appellees asserted the case had been pending for over four years and that Polk had failed to take affirmative action to secure an adjudication on the merits. The 400th District Court submit-

---

1. In addition to declaratory and injunctive relief, Polk alleged negligence, negligent misrepresentation, wrongful foreclosure, civil conspiracy, and violations of the Deceptive Trade Practices Act and Texas Finance Code.

2. The record contains defendant-appellees' requests for admissions and Polk's responses to one set of requests for admissions.

ted the motion to dismiss without oral hearing on January 26, 2004. In February of 2004, the 400th District Court judge granted the motion and dismissed Polk's case without prejudice.

Following the dismissal, the District Clerk sent notices to each attorney of record, notifying them that the case had been dismissed. But Polk's attorney, Mr. Robinson, did not receive the first notice, which was sent to his former Houston address. The clerk mailed a second notice to the attorney's Alabama address. When Polk's attorney became aware of the dismissal, he filed a Notice of Change of Address along with a Motion for Reinstatement. The motion was deemed overruled by operation of law. Polk then filed a motion for reconsideration and requested a hearing. The 400th District Court held a hearing on Polk's motion for reinstatement and signed an order denying the motion on May 10, 2004.

*Polk Appeals*

On appeal, Polk raises four issues. First, Polk contends the 400th District Court lacked jurisdiction to dismiss her case because there was no written transfer order as the local rules require. Second, Polk asserts the trial court abused its discretion by failing to give her notice and an oral hearing regarding appellees' Motion to Dismiss for Want of Prosecution. Third, Polk urges us to find that the trial court's subsequent hearing on her motion to reinstate failed to cure the lack of notice and a hearing on the motion to dismiss. Fourth, Polk asserts the trial court abused its discretion when it denied her motion to reinstate.

## Analysis

*The 400th District Court Had Jurisdiction Over Polk's Case*

■ Polk initially urges us to find that the lack of a written transfer order, which

the local rules of Fort Bend County require, deprived the 400th District Court of jurisdiction to decide Polk's case. Consequently, Polk argues the trial court's order dismissing her claim for want of prosecution was void. We disagree that the lack of a transfer order deprived the 400th District Court of jurisdiction over Polk's case.

■ Texas Rule of Civil Procedure 330(e) allows district judges to transfer a case from one court to another. Tex.R. Civ. Proc. 330(e). "By force of Rule 330 the jurisdictions of [the district] courts and the functions of the judges thereof have been integrated...." *Harkness v. McQueen*, 207 S.W.2d 676, 679 (Tex.Civ. App.-Galveston 1947, no writ). Consequently, Polk does not have a protected proprietary interest in having her case heard by a particular district judge. *In re Rio Grande Valley Gas Co.*, 987 S.W.2d 167, 173 (Tex.App.-Corpus Christi 1999, no pet.). Counties may adopt local rules to further govern the transfer of cases from one district court to another if they are not inconsistent with Rule 330(e). *See Centennial Ins. Co. v. Commercial Union Ins. Cos.*, 803 S.W.2d 479, 482 (Tex.App.-Houston [14th Dist.] 1991, no writ) ("[N]o [ ] court in Texas is authorized or empowered to enact or amend rules of civil procedure that would be inconsistent with the rules promulgated by the supreme court."); *see also Mayad v. Rizk*, 554 S.W.2d 835, 837 (Tex.Civ.App.-Houston [14th Dist.] 1977, writ ref'd n.r.e.) (stating local rules that conflict with rules of civil procedure cannot be given effect). Fort Bend County's local rules provide the following:

> Any case may be transferred from one court to another *by written order of the judge* of the court from which the case is transferred; provided, however, that the transfer must be *with the written con-*

*sent* of the court to which the case is transferred.

FORT BEND (TEX.) CIV. DIST. CT. LOC. R. 3.2.5 (emphasis added).

■ Polk correctly points out that the transfer of her case did not comply with Fort Bend County's local rule—no written order of the 268th District Court judge, or a written consent of the 400th District Court judge, appears in the record. However, Polk provides no legal authority to support her contention that the lack of a written transfer order deprived the 400th District Court of jurisdiction. If a district court transfers a case that *substantively* does not qualify for transfer, the court that receives the improperly transferred case lacks jurisdiction and the error is reversible on appeal. *See In re Rio Grande Valley Gas Co.*, 987 S.W.2d at 175–76 (finding local rules did not authorize a unilateral transfer and holding that judge's attempt to effect such a transfer was void).

■ But, a failure to comply with the local rule's *procedural* requirements does not deprive a court of its jurisdiction. *See Garcia v. State*, 901 S.W.2d 731, 732–33 (Tex.App.-Houston [14th Dist.] 1995, pet. ref'd) (finding trial court's mistake, in failing to file written transfer order, was a procedural mistake and did not deprive the court of jurisdiction); *see also Ex parte Bowers*, 671 S.W.2d 931, 935–36 (Tex.App.-Amarillo 1984, no writ) (holding untimely

filed motion to transfer was *procedurally* erroneous but that the procedural error did not deprive the court of jurisdiction); *see also Starnes v. Holloway*, 779 S.W.2d 86, 96 (Tex.App.-Dallas 1989, writ denied) (finding local rule was purely procedural, rather than jurisdictional, in light of fact that rules of civil procedure allow judges to freely transfer cases). While the transferring and receiving courts should have complied with their own local rules regarding the transfer of cases, their failure to do so did not deprive the 400th District Court of jurisdiction over Polk's case.[3] We overrule Polk's first issue.

*Polk Was Entitled to Notice and a Hearing on the Motion to Dismiss*

■ Polk asserts, in her second issue, that the trial court's failure to provide notice that her case might be dismissed and an opportunity to be heard requires reversal. The rules of civil procedure and due process require courts to provide litigants with notice and an opportunity to be heard before the court dismisses the case. TEX.R. CIV. P. 165a (providing for notice and a hearing before a case is dismissed); *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex.1999) (requiring notice and an opportunity to be heard); *Dispensa v. Univ. State Bank*, 987 S.W.2d 923, 926–27 (Tex.App.-Houston [14th Dist.] 1999, no pet.) (same) (citing *World–Wide*

3. Had Polk complained in the trial court about the improper transfer, our answer might have been different, but Polk failed to raise this issue before submitting to the 400th District Court's jurisdiction. *See Garcia*, 901 S.W.2d at 733 (finding the failure to timely file a plea to the jurisdiction waives a complaint that there is no transfer order, and, further finding that later complaints about the court's jurisdiction could not preserve error if appellant had already appeared and submitted to the court's jurisdiction) (citing *Daniels v. State*, 171 Tex.Crim. 596, 352 S.W.2d 267, 268 (1961)); *see also Davis v. Davis*, No. 13–01–707–CV, 2003 WL 21355239, *1 (Tex. App.-Corpus Christi June 12, 2003, no pet.) (not designated for publication) (finding any error in transfer of case without proper motion was waived by failure to make a timely plea to the jurisdiction). Polk filed a motion for reinstatement in the 400th District Court in early March of 2004. This motion contained no complaints about the lack of a transfer order or the trial court's purported lack of jurisdiction. From the record, it appears Polk first suggested the improper transfer deprived the court of jurisdiction in her motion for reconsideration, which was filed in May of 2004.

*Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) and *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965)). However, as we explain below in response to Polk's third issue, any error in failing to provide Polk with notice and a hearing was cured. Polk ultimately received notice and an opportunity to be heard in connection with her motion for reinstatement. Therefore, she was not harmed by the lack of notice and a hearing on the motion to dismiss. *See Jimenez v. Transwestern Prop. Co.,* 999 S.W.2d 125, 128–29 (Tex.App.-Houston [14th Dist.] 1999, no pet.). Because Polk cannot demonstrate any harm, TEX.R.APP. P. 44.1(a), we overrule her second issue.

*The Subsequent Hearing Cured the Failure to Provide Notice and a Hearing on the Motion to Dismiss*

▇ In her third issue, Polk urges this court to find that the subsequent hearing on her motion to reinstate did not cure the failure to provide notice and a hearing on appellees' motion to dismiss. Polk concedes we have already held that a subsequent hearing on a party's motion to reinstate cures any error in failing to provide notice or to hold a hearing on a previous motion to dismiss. *Jimenez,* 999 S.W.2d at 129. But Polk urges us to carve an exception from this rule when, as in her case, the hearing on the motion to reinstate is not held until after 75 days have elapsed from the trial court's signing of the order of dismissal. Because the trial court retained plenary jurisdiction when it held the hearing on Polk's motion to reinstate, we decline to do so. *Id.* (finding due process satisfied when hearing on motion to reinstate was held at a time when trial court had full control of the judgment).

▇ As long as the trial court had control of the judgment when it held the hearing on Polk's motion to reinstate, this satisfies Polk's due process rights applicable to the dismissal of her case. *See id.* A verified motion to reinstate extends the trial court's plenary power to the same extent as a motion for new trial. *Id.* (citing *Macarangal v. Andrews,* 838 S.W.2d 632, 633 (Tex.App.-Dallas 1992, orig. proceeding)). Polk filed her motion to reinstate on March 2, 2004, which is within the time frame Rule 165a requires. TEX.R. CIV. P. 165a(3) (requiring motion to reinstate to be filed within 30 days from date trial court signs the order of dismissal). The motion to reinstate was deemed overruled by operation of law 75 days later, on May 17, 2004. TEX.R. CIV. P. 165a(3). Because Polk timely filed her motion to reinstate, the trial court's plenary power continued to June 16, 2004, which was 30 days beyond the date Polk's motion to reinstate was deemed overruled by operation of law. TEX.R. CIV. P. 165a(3) ("If a motion to reinstate is timely filed ... the trial court, regardless of whether appeal has been perfected, has plenary power to reinstate the case until 30 days after all such timely filed motions are overruled, either by a written and signed order, or by operation of law, whichever occurs first."). The trial court held a hearing on Polk's motion to reinstate on May 10, 2004 while it still had control of the judgment; therefore, under *Jimenez,* this hearing cured the lack of notice and hearing on appellee's motion to dismiss. We overrule Polk's third issue.

*Denying Polk's Motion to Reinstate Was Not an Abuse of Discretion*

▇ Finally, we turn to Polk's fourth issue to determine whether the trial court erred in denying Polk's motion to reinstate. At the reinstatement hearing, Polk received the same hearing with the same burden of proof she would have received had there been a hearing on appellee's

motion to dismiss. *Jimenez*, 999 S.W.2d at 129 (citing *State v. Rotello*, 671 S.W.2d 507, 508 (Tex.1984)). We review a trial court's decision on a motion to reinstate for an abuse of discretion. *Id.* (citing *City of Houston v. Malone*, 828 S.W.2d 567, 568 (Tex.App.-Houston [14th Dist.] 1992, no writ)).

A trial court abuses its discretion when it acts arbitrarily or without reference to guiding rules and principles. *Id.* (citing *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 298 (Tex.1986)(per curiam)). In this case, neither the order of dismissal nor the order denying reinstatement specified the grounds on which they were based. Polk did not request findings of fact and conclusions of law and the trial court did not make them. Therefore, we will uphold the trial court's decision if any theory of law applicable to the case has support in the evidence. *Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 252 (Tex.App.-Houston [14th Dist.] 1999, pet. denied) (citing *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990)(per curiam)). "The trial court's authority to dismiss for want of prosecution stems from two sources: (1) Rule 165a of the Texas Rules of Civil Procedure, and (2) the court's inherent power." *Villarreal*, 994 S.W.2d at 630.[4] Appellees' motion to dismiss raised both sources and we must affirm if we find either source would have authorized the trial court to dismiss Polk's case.

*The trial court could not properly dismiss under rule 165a.*

The trial court can dismiss under Rule 165a in two circumstances—if a party fails to appear for a hearing or trial of which the party had notice, or if the case is not disposed of within the time standards promulgated by the Texas Supreme Court. Tex.R. Civ. P. 165a(1), (2). Under Rule 165a, the court must dismiss unless good cause is shown for the case to be maintained. Tex.R. Civ. P. 165a(1). The trial court should reinstate the case if it finds the party or the party's attorney's failure "was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." Tex.R. Civ. P. 165a(3).

Because Polk and her attorney did not have notice of the prospect of dismissal, a dismissal under Rule 165a would only be proper for failing to comply with the time standards promulgated by the Texas Supreme Court. Rule 6 of the Judicial Rules of Administration requires judges to ensure, so far as reasonably possible, that civil non-jury cases are brought to trial or final disposition within 12 months from appearance date, and that civil jury cases are brought to trial or final disposition within 18 months from appearance date. Tex.R. Jud. Admin. 6. Polk's case had not been brought to trial or disposition for almost five years from the defendants' appearance dates. Therefore, the trial court did not abuse its discretion in granting appellees' motion to dismiss.

However, at the motion for reinstatement, Polk's attorney's stated that the failure to prosecute the case was a result of his move from Houston to Alabama, and not intentional or the result of conscious indifference. This is the type of accident or mistake contemplated by Rule 165a and, if failure to comply with the time stan-

4. These two sources of authority provide three potential vehicles for a trial court to dismiss a case for want of prosecution—two are provided for in Rule 165a and the third is the trial court's inherent authority. *See 3V, Inc. v. JTS Enters., Inc.*, 40 S.W.3d 533, 541 (Tex.App.-Houston [14th Dist.] 2000, no pet.) (listing the three circumstances when a trial court may dismiss for want of prosecution and stating the authority for these dismissals is derived from Rule 165a and the court's inherent power to manage its own docket).

dards set forth in the judicial rules of administration were the sole reason for dismissal, Rule 165a would require the trial court to reinstate the case. *See Mayad,* 554 S.W.2d at 838 (holding *Craddock* standard should be used for Rule 165a); *Ferguson & Co. v. Roll,* 776 S.W.2d 692, 698 (Tex.App.-Dallas 1989, no writ) (finding loss of lawsuit papers was an accident or mistake and not the result of an intentional act or conscious indifference). However, in the absence of a statement to that effect by the trial court, either in the order of dismissal, the order denying reinstatement, or conclusions of law, we cannot presume that was the reason. Instead, we turn now to whether the court's inherent authority permitted dismissal.

*The trial court's inherent authority permitted dismissal*

As mentioned previously, Polk has not negated the possibility that the trial court dismissed her case and denied reinstatement based on its inherent authority. When the court relies on its inherent authority to dismiss a case, the trial court may dismiss the case if it has not been prosecuted with due diligence. *Villarreal,* 994 S.W.2d at 630; *Jimenez,* 999 S.W.2d at 129 (citing *Rotello,* 671 S.W.2d at 509). "In determining whether a party has demonstrated a lack of diligence in prosecuting a claim, a trial court may consider the entire history of the case, including the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for delay." *Id.* Polk's case was filed in 1999 and was on file nearly five years before it was dismissed.[5] No discovery occurred after 2001. The record does not reflect that Polk ever requested a trial setting and the only excuse offered for the delay was that Polk's attorney forgot about the case after he moved to Alabama. Under these facts, we cannot say the trial court abused its discretion in denying Polk's motion to reinstate. Because the trial court could have properly dismissed Polk's case and denied her motion to reinstate under its inherent power, we overrule Polk's final issue.

### Conclusion

The 400th District Court had jurisdiction over Polk's case. Any error in failing to provide Polk with notice and a hearing on the motion to dismiss was cured by the subsequent hearing on Polk's motion to reinstate. The trial court did not abuse its discretion when it denied Polk's motion to reinstate after granting appellees' motion to dismiss. Because we have overruled all of Polk's issues, we affirm the judgment of the trial court.

---

5. Although appellees filed a suggestion of bankruptcy in this lawsuit, automatically staying the case, and Polk's bankruptcy proceedings were not dismissed until August of 2003, Polk still could have prosecuted her suit. This is so because Polk initiated this lawsuit and a plaintiff involved in bankruptcy proceedings can still prosecute the lawsuit. *MacGregor v. Rich,* 941 S.W.2d 74, 76 n. 1 (Tex.1997) (per curiam) ("An automatic stay under federal law applies to suits and claims brought *against* a bankruptcy debtor, but not to claims brought on the debtor's behalf.") (citing 11 U.S.C. § 362).