Affirmed and Memorandum Opinion
filed April 8, 2010.

In
The

Fourteenth
Court of Appeals



NO. 14-08-00695-CV



Southwell
Investments Group, III, Appellant 

v.

Indwell
Resources, Inc., Chief Operating Company, Pan American Energy, LLC and Bill
Wood, Individually, Appellees 



On Appeal from
the 506th District Court

Waller County, Texas

Trial Court
Cause No. 04-11-17587



 

MEMORANDUM OPINION

            Appellant
Southwell Investments Group, III (“Southwell”) contends the trial court abused
its discretion by dismissing Southwell’s case for want of prosecution, failing
to hold an oral hearing on its motion to reinstate, and denying its motion to
reinstate.  We affirm.

I

On
November 10, 2004, Southwell filed suit against appellees Indwell Resources,
Inc. (“Indwell”) and Bill Wood, as well as Chief Operating Company (“Chief”)
and Pan American Energy, LLC (“Pan American”), for breach of contract, fraud,
and other claims in connection with an oil, gas, and mineral lease in Waller
County.  Southwell served three of the four defendants by certified mail, but
Pan American’s citation was returned.[1] 
Indwell and Wood answered, but Chief did not.  In 2006, Southwell’s counsel
filed a notice of change of address.  Southwell did not initiate any discovery,
request a trial setting or entry of a scheduling order, seek a default judgment
against Chief, or take any other action in the case.

On
April 9, 2008, after the case had been transferred to a another court, the
trial court issued a notice of intent to dismiss the case for want of
prosecution on June 24, 2008, if a motion to retain was not timely filed.  On
June 2, 2008, Southwell filed a motion to substitute counsel and to retain the
case on the docket.  After initially granting both motions, the trial court
vacated the retention order and dismissed the case for want of prosecution on
June 24, 2008.  

On
June 30, 2008, Southwell filed a motion to set aside the dismissal or in the
alternative for a new trial.  Southwell gave notice to Indwell, Wood, and Pan
American that its motion would be submitted to the court for consideration and
ruling without an oral hearing.  On July 21, 2008, the trial court denied
Southwell’s motion to set aside the dismissal.  By a separate order, the trial
court also denied Southwell’s motion for a new trial.




II

A

            In
its third issue, Southwell contends that the trial court abused its discretion
by denying its motion to retain the case.  A trial court’s power to dismiss a
case for want of prosecution stems from two sources: (1) Texas Rule of Civil Procedure
165a, entitled “Dismissal for Want of Prosecution”; and (2) the court’s
inherent authority.  See Tex. R. Civ. P. 165a; Villarreal v. San
Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex. 1999).  Rule 165a
provides for a dismissal in cases in which a plaintiff fails to appear for any
scheduled hearing, or when the case is not disposed of within the time periods set
by the Texas Supreme Court.  See Tex. R. Civ. P. 165a(1)–(2).  In addition, under the common law, the trial court has the
inherent power to dismiss independently of the rules of procedure when a
plaintiff fails to prosecute its case with due diligence.  Villarreal,
994 S.W.2d at 630.           Southwell contends Rule 165a(1)
does not apply because it did not fail to attend any hearing, and Rule 165a(2)
does not apply because neither the trial court’s dismissal order nor the
appellees’ response in opposition to Southwell’s motion to retain mentions Rule
165a(2) as a basis for the dismissal.  Therefore, Southwell urges, the only
applicable basis for dismissing the case is the trial court’s inherent authority
to dismiss a case that has not been prosecuted with due diligence.  Because we
can affirm on the basis of inherent authority, we need not consider the other
possible bases for dismissal.  

            Factors generally considered by the trial court before
dismissing a case include: (1) the length of time the case has been on file;
(2) the extent of activity in the case; (3) whether a trial setting was
requested; and (4) the existence of reasonable excuses for the delay.  Keough
v. Cyrus USA, Inc., 204 S.W.3d 1, 5 (Tex. App.—Houston [14th Dist.] 2006,
pet. denied); Bilnoski v. Pizza Inn, Inc., 858
S.W.2d 55, 58 (Tex. App.—Houston [14th Dist.] 1993, no writ). We must
look to the record in its entirety, and we will reverse the trial court only if
that court clearly abused its discretion.  Bilnoski, 858 S.W.2d at 58.  

Southwell
admits that the case was on file for more than three years and that little
activity occurred on the case during that time.  Southwell also admits that
there was a delay in the prosecution of the case.  Additionally, it is
undisputed that Southwell never initiated any discovery or requested a trial
setting, it did not seek a default judgment against Chief, and it made no
further attempt to serve Pan American until after the court had issued its
notice of intent to dismiss.  Southwell’s explanation below for this failure to
prosecute its case is that it expected the trial court to set the case for
trial or issue a docket-control order, but “[f]or some unexplainable reason
neither was done.”  Southwell does not explain how the absence of a scheduling
order shows that it exercised diligence in prosecuting its case.  Nor does
Southwell explain why it did not request the trial court to enter a docket-control
order before the court issued its notice of intent to dismiss for want of
prosecution.

Southwell
also points out that (1) its counsel updated the court with its new firm name
and address in 2006, (2) its counsel was mistaken as to how the original court
handled its trial docket, (3) its representative sold his business and failed
to give his counsel new contact information, (4) Southwell did not intend to
conduct any discovery, (5) it secured new counsel who moved to substitute and
announced ready for trial, (6) Southwell filed a motion to retain, (7) the
trial court initially issued a docket-control order setting the case for trial,
(8) Southwell requested a jury trial in its original petition, (9) it did not
fail to appear for any hearings or trial, and (10) it timely filed a motion to
reinstate the case.

But
Southwell’s limited contact with the court for over three and one-half years
and the loss of contact between Southwell and its counsel during that time
likewise do not provide a reasonable explanation for Southwell’s lack of
diligence in prosecuting the case.  Southwell knew that it had filed a lawsuit,
but took no steps to stay in contact with its
attorney.  Southwell also did not obtain new counsel until after the trial
court sent out its notice of intent to dismiss for want of prosecution. 
Similarly, many of the other actions it points to were taken only after the
trial court’s notice of its intent to dismiss in an effort to retain the case
on the trial court’s docket.  As for requesting a jury in its original
petition, Southwell fails to explain why it did not pay a jury fee until after
the case was dismissed.  Considering the entire history of the case, including
the length of time it was on file, the lack of activity, the lack of discovery,
and the failure to request a docket-control order or a trial setting for over
three and one-half years, we cannot say the trial court abused its discretion
by dismissing Southwell’s case for want of prosecution.  See Frenzel v.
Browning-Ferris Indus., Inc., 780 S.W.2d 844, 845 (Tex. App.—Houston [14th
Dist.] 1998, no writ) (holding failure to initiate discovery during forty-one
months case was on docket clearly constituted lack of due diligence); City
of Houston v. Robinson, 837 S.W.2d 262, 265 (Tex. App.—Houston [1st Dist.]
1992, no writ) (holding trial court did not abuse its discretion when there was
no activity on case for a year and appellants merely asserted that they wished
to pursue their case).

Southwell
also argues that it announced ready for trial and by dismissing the case
Southwell was prevented from having its day in court and that amounts to a
“drop-dead” sanction. The record does not support Southwell’s argument that the
dismissal of its case amounted to a death-penalty sanction.  First, Southwell
cites no authorities and makes no argument to support this assertion;
therefore, it is waived.  See Nyugen v. Kosnoski, 93 S.W.3d 186, 188
(Tex. App.—Houston [14th Dist.] 2002, no pet.).  Second, the trial court’s
order was clearly a dismissal for want of prosecution, and did not implicate
the considerations applied to death-penalty sanctions for discovery abuse as
stated in TransAmerican Natural Gas Corp. v. Powell, 811 S.W.2d 913,
917–18 (Tex. 1991).  Third, our supreme court has declined to apply the TransAmerican
analysis when it found no abuse of discretion in dismissing the case for want
of prosecution.  See MacGregor v. Rich, 941 S.W.2d 74, 75 (Tex. 1997)
(per curiam).  

We
therefore overrule Southwell’s third issue.




B

In
its first issue, Southwell contends the trial court abused its discretion by
not granting an oral hearing on Southwell’s motion to reinstate.  Southwell
cites Cabrera v. Cedarapids, Inc., 834 S.W.2d 615, 618 (Tex.
App.—Houston [14th Dist.] 1992), writ denied, 847 S.W.2d 247 (Tex.
1993), in which this court held that the trial court did not err in failing to
set a hearing on a motion to reinstate when the movant did not request a
hearing. 

            Southwell
contends it requested an oral hearing and the appellees requested a submission
date.  The record, however, does not support Southwell’s contention.  Although
Southwell submitted a proposed order for an oral hearing along with its motion
to set aside the dismissal, the blanks for the date and time were not filled
in.  Further, Southwell itself filed a “Notice of Submission” informing the
appellees that its motion would be submitted to the trial court for
consideration and ruling without an oral hearing within ten days after the
notice was filed.  The record does not show that Southwell ever objected to
submitting the motion without an oral hearing, nor does it show that the trial
court denied a request from Southwell for an oral hearing.  

            Even
presuming for the sake of argument that the trial court erred in failing to set
a hearing, Southwell still would not be entitled to relief.  A party may not
lead a trial court into error and then complain about it on appeal.  Kelly
v. Cunningham, 848 S.W.2d 370, 371 (Tex. App.—Houston [1st Dist.] 1993, no
writ).  When a movant sets a motion to reinstate on the trial court’s
submission docket, effectively requesting the court to rule without conducting
an oral hearing, the movant is estopped from complaining on appeal that the
trial court erred in ruling on the motion to reinstate without conducting an
oral hearing.  Solomon v. Parkside Med. Servs. Corp., 882 S.W.2d 492–93
(Tex. App.—Houston [1st Dist.] 1993, writ denied); see also Keough, 204
S.W.3d at 6 n.3 (“Before trial court error can be
found in the failure to set a hearing on a motion to reinstate, the movant must
request a hearing.”).  

            We therefore overrule Southwell’s first issue.

C

            In
its second issue, Southwell contends the trial court abused its discretion by
denying Southwell’s motion to reinstate as required by Texas Rule of Civil
Procedure 165a.  We review the trial court’s denial of a motion to reinstate
for abuse of discretion.  Keough, 204 S.W.3d at 3.  

            Initially,
Southwell argues that we should review the court’s denial of its motion to
reinstate by applying the standard set out in Rule 165a(3), regardless of
whether the trial court dismissed the case under Rule 165a or whether it dismissed
the case under its inherent authority.  See Cappetta v. Hermes, 222
S.W.3d 160, 164–67 (Tex. App.—San Antonio 2006, no pet.) (en banc) (surveying
split of authority in appellate courts and holding that that Rule 165a(3)
standard applies to all dismissals for want of prosecution, whether rule-based
or inherent-power-based); Brown v. Howeth Invs., Inc., 820 S.W.2d 900,
902–03 (Tex. App.—Houston [1st Dist.] 1991, writ denied) (applying Rule 165a
standard to determine whether trial court abused its discretion in refusing to
reinstate case).  Under Rule 165a, the court must reinstate the case if it is
shown that “the failure of the party or his attorney was not intentional or the
result of conscious indifference but was due to an accident or mistake or that
the failure has been otherwise reasonably explained.”  Tex. R. Civ. P. 165a(3).

            Unlike
the Cappetta and Brown courts, this court has applied a different
standard to review the denial of a motion to reinstate when the trial court
dismisses a case under its inherent authority.  We have explained that when a
trial court relies on its inherent authority to dismiss a case and denies a
motion to reinstate, we consider whether the trial court abused its discretion
in determining that the plaintiff did not prosecute its case with due
diligence.  See, e.g., Keough, 204 S.W.3d at 4–5; Polk v. Sw.
Crossing Homeowners Ass’n, 165 S.W.3d 89, 95–97 (Tex. App.—Houston [14th
Dist.] 2005, pet. denied).  On these facts, however, the result would be the
same under either analysis.  The trial court did not abuse its discretion in
refusing to reinstate Southwell’s case.

            In
its motion to reinstate, Southwell attached no evidence, but relied on the
arguments and affidavits presented in support of its motion to retain.  On
appeal, Southwell argues that the facts enumerated above negate a finding that
its failure was intentional or the result of conscious indifference.  To
support this conclusion, Southwell cites Brown v. Howeth Investments, Inc.,
820 S.W.2d at 902.  But Brown is distinguishable.  In that case, the
court concluded there was nothing in the record to suggest that the plaintiff
intentionally ignored his suit for sixteen months or intentionally failed to
respond to the notice of intent to dismiss, when he had become dissatisfied
with his first lawyer’s failure to prosecute the suit, took steps to retain new
counsel, and had substituted new counsel just after the notice of intent to
dismiss was sent to his first lawyer.  See id. at 902.  The court stated
that “the plaintiff should not be precluded from reaching the merits of his
suit because of the unfortunate timing of the notice to substitute.”  Id. 


            Here,
Southwell did not argue below that its lawyer failed to diligently prosecute
the case, and the record does not show that Southwell expressed any
dissatisfaction with its counsel before the trial court issued its notice of
intent to dismiss for want of prosecution.  Southwell’s stated reason for
obtaining new counsel was that its first lawyer was unwilling to continue
handling the case on a contingent-fee basis.  Moreover, Southwell failed to
keep in contact with its lawyer for over three years, providing some evidence
of its own lack of diligence and conscious indifference.  And, unlike the
situation in Brown, Southwell’s motion to substitute counsel was not
filed until two months after the trial court issued its notice of intent to
dismiss.  Therefore, Brown does not support a conclusion that the trial
court abused its discretion by refusing to reinstate Southwell’s case.

            Other
explanations in Southwell’s motion to reinstate are not supported by the record
or tend to undermine its contention that its failure to prosecute the case was
not intentional or the result of conscious indifference.  For example,
Southwell alleged that the case was ready for trial in January 2005, even
though it was filed on November 10, 2004, and the original petition a requested
Level 2 discovery schedule.  Southwell also alleged that it intended to
non-suit defendants Chief and Pan American at trial, but it sought to have
citation served on Pan American for a second time on June 18, 2008.  Southwell
also does not explain why it did not take a default judgment against Chief
after it was served in November 2004 and did not answer.  Further, Southwell
requested a jury trial in its original petition, but it did not pay a jury fee
until June 30, 2008, after the case was dismissed for want of prosecution. 
Southwell also attempts to blame the original trial court for not issuing a
scheduling order or setting the case for trial, while at the same time
asserting that it and its counsel “were occupied with other matters” and the
case “dropped through the cracks.”

            As
discussed above, on these facts we cannot say the trial court abused its
discretion by dismissing Southwell’s case for want of prosecution.  For the
same reasons, we cannot say the trial court abused its discretion in denying
Southwell’s motion to reinstate, whether we review its ruling under its
inherent authority or Rule 165a(3).  See Keough, 204 S.W.3d at
4–5 (holding trial court did not abuse its discretion in denying appellant’s
motion to reinstate for failing to diligently prosecute her case); Polk,
165 S.W.3d at 97 (affirming trial court’s denial of motion to reinstate when
evidence supported appellant’s lack of diligence in prosecuting her case); Ballantyne
v. Johnson, No. 04-08-00185-CV, 2008 WL 5181927, at *4 (Tex. App.—San
Antonio Dec. 10, 2008, no pet.) (mem. op.) (affirming trial court’s denial of appellant’s
motion for reinstatement under Rule 165a when appellant failed to reset the
case after a continuance and little activity occurred in case for five years); Rad
v. Black, No. 03-07-00574-CV, 2008 WL 2777320, at *2–8 (Tex. App.—Austin
July 17, 2008, no pet.) (mem. op.) (affirming trial court’s denial of motion to
reinstate under Rule 165a(3) when there had been no filings in case for three
years and eight months, and no further activity occurred after appellant filed
a motion to substitute counsel).

            We
therefore overrule Southwell’s second issue.

* * *

Having
overruled Southwell’s issues, we affirm the trial court’s judgment.

 

                                                                                    

                                                                        /s/        Jeffrey
V. Brown

                                                                                    Justice

 

 

Panel consists of Justices Yates, Frost,
and Brown









[1]
The record shows that on January 25, 2005, Southwell’s counsel requested a new
citation for service on Pan American, with instructions to return the citation
to him.  After the trial court sent its notice of intent to dismiss the case
for want of prosecution in 2008, Southwell’s new counsel attempted to serve Pan
American again, but was unsuccessful.