ACCEPTED
14-15-00169-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
5/11/2015 1:06:26 PM
CHRISTOPHER PRINE
CLERK

**NO. 14-15-00169-CV**

**IN THE FOURTEENTH COURT OF APPEALS**
**HOUSTON, TEXAS**

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

5/11/2015 1:06:26 PM

CHRISTOPHER A. PRINE
Clerk

**DIOGU KALU DIOGU II**

*Appellant,*

**V.**

**LINEBARGER GOGGAN BLAIR & SAMPSON, FORT BEND COUNTY TAX ASSESSOR COLLECTOR, AND FORT BEND APPRAISAL DISTRICT,** *Appellees.*

**FIRST MOTION TO EXTENTION OF TIME TO PAY FILING FEES AND REINSTATE AFTER DISMISSAL OF APPEAL**

**APPEAL FROM THE 240th JUDICIAL DISTRICT COURT FORT BEND COUNTY, TEXAS**

DIOGU KALU DIOGU II, LL.M.
DIOGU DIOGU LAW FIRM
P. O. BOX 994
FULSHEAR, TEXAS 77441
Diogu.diogu.law.firm@gmail.com
Phone (713) 791 3225
Fax     (832) 408 7611

1

**APPELLANT 'S FIRST MOTION TO EXTENTION OF TIME TO PAY FILING FEES AND REINSTATE AFTER DISMISSAL OF APPEAL**

**TO THE HONORABLE FIRST COURT OF APPEALS:**

The Appellant Diogu Kalu Diogu II files this First Motion to Extend Time to pay filing fees on Appeal and to reinstate Appellant's Appeal following the dismissal on the Court's own motion and shall show the following:

## I. INTRODUCTION

On or about April 28th, 2015, the Court on its own motion dismissed this appeal reason being that (1) The Appellant failed to respond following a notification by this Court On March 17, 2015, that the filing fee was past due and the appeal was subject to dismissal unless the fee were paid February 12, 2015

In addition, the Court stated that no clerk's record has been filed in this appeal. And that on March 27, 2015, the clerk responsible for preparing the record in this appeal informed the court that appellant did not make arrangements to pay for the record. Also, that On March 30, 2015, notification was transmitted to all parties of the court's intention to dismiss the appeal for want of prosecution unless, within fifteen days, appellant paid or made arrangements to pay for the record and provided this court with proof of payment. *See* Tex. R. App. P. 37.3(b). Also that Appellant has not provided this court with proof of payment for the record or filed any other response to this court's notice.

However, Diogu/Counsel for Appellant requests an extension of time from March 17, 2015 to May 11th, 2015 and to pay his filing fees and from April 14th, 2015 to May 26th, 2015 to make arrangements to pay for the record and provide this court with proof of arrangement to make the said payment. This is the first request for an extension of time to pay a filing fees and to make arrangements to pay for the record respectively.

## II BACKGROUND

Appellant/Counsel for Appellant ("**DIOGU**") relies on the following reasons:

On or about February 28th, 2015, Diogu was stricken unexpectedly with a sever back injury which was diagnosed as a severe form of spinal stenosis and Lumbar Lordosis that caused him to be totally bed ridden for first three weeks, i.e. up to March 21st, 2015. Diogu is still under Doctor's care and he is still unable to walk unassisted or able to sit down for a span of time exceeding 20 minutes at a time to this day. As of last week, Diogu has been restricted only to very light duties which affects the amount of work Diogu can do including but not limited to reading and/or preparing responses to briefs or other legal documents.

Diogu seeks this extension of time to be able to prepare a cogent and succinct response to this Court's notifications on the above matter.

## III. FURTHERANCE OF PUBLIC INTEREST

Furthermore, public interest would be furthered by the granting these motions because the case involves whether or not a government entity at the tax payer's expense can contort a scheme to deprive its citizens the right to the open-courts provision of the Texas Constitution. *In*

3

*re D.M.*, 191 S.W.3d 381, 391 (Tex. App.-Austin 2006, pet. denied). (A statute may, however, violate the open-courts provision "when it makes a remedy by due course of law contingent on an impossible condition.")

Specifically, the issue in this case involves about twenty (20) plaintiffs of African Decent with very meager income whose real property are located in Fort Bend County, Texas who stated openly that based on their experience of the **INHERENT RACISM AND DISCRIMINATION** in this society, do not trust that our judicial system is capable of redressing their grievances fairly.

The Appellees through their counsels shamelessly exploited the fear/vulnerability of some of the Plaintiffs by devising a scheme that appeared neutral on its face (request for deposition on an elderly woman of over 85 years, asking her to drive from Fulshear to Sugarland to attend a meaningless deposition knowing that she could not make the trip, and when she did not attend, these Lawyers turned around and sought sanction not on the party but on her lawyer even when they were offered other alternative to depose her) to achieve what they could not do directly i.e. Deprivation of the open-courts provision of the Texas Constitution to some of the weak and vulnerable plaintiffs like *MS. ROSIE BEAL, AN 85 PLUS YEARS OLD AMERICAN CITIZEN.*

By the way, Diogu's representation is essentially pro bono for most of the plaintiffs in this case including but not limited to Ms. Rosie Beal a fact known to the Appellees and their Counsels in this case.

## IV ARGUMENT

4

A court should grant a motion to reinstate even on appeal if the Appellant's failure to prosecute the case before the appropriate time standards expired was not intentional or the result of conscious indifference, but was the result of a mistake or an accident or can otherwise be reasonably explained. *Polk v. Sw. Crossing Homeowners Ass'n*, 165 S.W.3d 89, 96-97 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

The Court should reinstate this case because as shown above Appellant's failure to prosecute before the disposition time standards expired was neither intentional nor the result of conscious indifference and has been reasonably explained.

This request is not sought for delay but so that justice may be done.

All facts recited in this motion are within the personal knowledge of the counsel signing this motion, therefore no verification is necessary under Rule of Appellate Procedure 10.2.

**PRAYER FOR RELIEF**

For the reasons set forth above, Appellant requests that this Court grant this First motion for an extension of time to pay filing fees on appeal and to reinstate case after dismissal of appeal.

Appellant all other relief to which it may be entitled.

Respectfully submitted,

*/s/diogu kalu diogu ii*___
**DIOGU KALU DIOGU II**
**P. O. BOX 994**
**FULSHEAR,**
**TEXAS 77441**

**PHONE (713) 791 3225**
**FAX: (281) 408 7611**
**Diogu.diogu.law.firm@gmail.com**

## CERTIFICATE OF SERVICE

I, Diogu Kalu Diogu II, LL.M, attorney for the Appellant, do hereby certify that a true and correct copy of the above and foregoing motion have been delivered to the attorneys for Linebarger Goggan Blair & Sampson, Fort Bend County Tax Assessor Collector, and Fort Bend Central Appraisal District by fax

Respectfully submitted,

*/S/diogu Kalu diogu ii*
**Diogu Kalu Diogu II**