# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00363-CV

**Juan Enriquez, Appellant**

**v.**

**Christina Melton Crain, Chair of the Texas Board of Criminal Justice;
Nathaniel Quarterman, Former Director TDCJ;
Brad Livingston, Former Executive Director TDCJ; and
John Rupert, Former Warden of Michael Unit TDCJ, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. D-1-GN-17-000475, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order dismissing under Rule 91a a petition for bill of review. *See* Tex. R. Civ. P. 91a (allowing dismissal of claims having "no basis in law or fact"). Appellant is Juan Enriquez, an inmate in the Texas Department of Criminal Justice who is appearing pro se and in forma pauperis, and appellees are Christina Melton Crain, Chair of the Texas Board of Criminal Justice; Nathaniel Quarterman, Former Director TDCJ; Brad Livingston, Former Executive Director TDCJ; and John Rupert, Former Warden of Michael Unit TDCJ (collectively, "State Officials"). We will affirm the district court's order of dismissal.

## Background[1]

Enriquez was convicted of murder and sentenced to death in Karnes County in 1966. *See Enriquez v. State*, 429 S.W.2d 141, 145 (Tex. Crim. App. 1968). Enriquez's death sentence was later commuted to life in prison in 1972 after the Supreme Court declared the death penalty unconstitutional in certain cases. *See Furman v. Georgia*, 408 U.S. 238, 239 (1972) (holding unconstitutional the imposition and carrying out of death penalty in Georgia and Texas cases before court); *see also Enriquez v. Crain*, No. 03-12-00065-CV, 2014 WL 236859, *1 (Tex. App.—Austin Jan. 16, 2014, pet. denied) (mem. op.) (describing history). Enriquez was also convicted of four other murders and sentenced to 99 years' imprisonment for each in 1969. *See Crain*, 2014 WL 236859 at *1.

Enriquez filed the original civil action in June 2009 alleging, stated generally, that the State Officials had violated his rights to due process and equal protection by confining him without the commitment sentence required by law and that the State Officials had no authority to confine him without a commitment sentence. *See Id*. at *2. The district court dismissed Enriquez's suit as frivolous under Chapter 14 of the Texas Civil Practice and Remedies Code, and we later affirmed that judgment, holding that, among other things, a commitment warrant had been issued when Enriquez was originally sentenced. *See id.* at *6.

Enriquez filed the underlying petition for bill of review in 2017, seeking to overturn the judgment dismissing his civil suit against the State Officials. In his petition, he alleges that he

---

[1] Because the parties are familiar with the background of this case, we provide only a general summary. We provide additional facts in the opinion as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

is entitled to bill of review on his claim for false imprisonment, alleging the State Officials used false commitment inquiry data sheets reflecting a conviction that, according to Enriquez, does not exist, thus denying him the opportunity to challenge the State Officials' claims. The State Officials filed a motion to dismiss under Rule 91, contending that Enriquez's suit has no basis in law because Enriquez has previously litigated this issue. *See* Tex. R. Civ. P. 91a.1. The district court granted the State Officials' motion and dismissed Enriquez's petition for bill of review. Enriquez perfected this appeal.

## Discussion

Enriquez raises four issues on appeal: (1) the district court lacked jurisdiction to dismiss under Rule 91a a case governed by Chapter 14; (2) the district court lacked jurisdiction to hear or render judgment on the dismissal because of the Travis County local Rule 1.4; (3) the district court erred by failing to address Enriquez's "dilatory motions" before granting the State Officials' motion to dismiss; and (4) the district court abused its discretion by denying Enriquez a live hearing.

### Rule 91a and inmate litigation

In his first issue, Enriquez contends that the district court lacked jurisdiction to dismiss his case under Rule 91a because that rule does not apply in cases, such as his, that are "governed by Chapter 14 of the Texas Civil Practice and Remedies Code." *Id.*; *see* Tex. Civ. Prac. & Rem. Code § 14.002 (Chapter 14 applies to actions "brought by an inmate."); *see generally* Tex. Civ. Prac. & Rem. Code §§ 14.001–.014 ("Inmate Litigation"). Rule 91a is a rule of procedure—it provides a procedural mechanism by which a party can challenge and have dismissed an opposing

party's claims on the grounds that they lack a basis in law or fact. *See* Tex. R. Civ. P. 91a. It neither confers nor limits a district court's jurisdiction, which has been established by the Texas Constitution and the Legislature. *See* Tex. Const. art. V, § 8 (district court's jurisdiction "consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body"); Tex. Gov't Code §§ 24.007–.008 (generally conferring on district courts "the jurisdiction provided by" the Texas Constitution and jurisdiction "to hear and determine any cause that is cognizable by courts of law or equity . . . and grant any relief that could be granted by either courts of law or equity"). As such, any error in applying Rule 91a to an action brought by an inmate would not eliminate the district court's jurisdiction.

To the extent that Enriquez is attempting to argue that the district court erred in dismissing his claim under Rule 91a because that rule does not apply to inmate litigation, Enriquez failed to preserve such a complaint by not objecting to or challenging Rule 91a's use before the district court. *See* Tex. R. App. P. 33.1 (requiring "a timely request, objection, or motion that states the grounds for the ruling . . . with sufficient specificity to make the trial court aware of the complaint" to preserve error for appeal). And even if Enriquez had preserved his complaint, he has not shown that he suffered any harm by the error, nor could he given that Chapter 14 provides a similar procedural mechanism, allowing dismissal "if the court finds that . . . the claim is frivolous . . . [having] no arguable basis in law or in fact." Tex. Civ. Prac. & Rem. Code § 14.003l; *see* Tex. R. App. P. 44.1 ("No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of . . . probably

4

caused the rendition of an improper judgment" or "probably prevented the appellant from properly presenting the case to the court of appeals.").

We overrule Enriquez's first issue.

**Travis County local rules and jurisdiction**

In his second issue, Enriquez argues that the trial court lacked jurisdiction to render judgment because Travis County local rules provide that "any motion challenging a prior ruling must be presented to the judge who made the ruling, including a visiting judge." Travis County Civ. Dist. Ct. Loc. R. 1.4. Similar to Rule 91a, Travis County Rule 1.4 is a rule of procedure, not jurisdiction, thus the failure to comply with it does not deprive the district court of jurisdiction. *See Polk v. Southwest. Crossing Homeowners Ass'n*, 165 S.W.3d 89, 94 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (holding that failure to comply with local rules' procedural requirements does not deprive court of its jurisdiction).

To the extent that Enriquez is attempting to argue that the district court erred by not complying with local rule 1.4, Enriquez has failed to preserve any complaint regarding such an error. *See* Tex. R. App. P. 33.1. To preserve a complaint of error for appellate review on this issue, Enriquez needed to have made a *timely* request, objection, or motion to the trial court. *See id.* Here, Enriquez did not challenge the assignment under local rule 1.4 until after the district court had ruled on the matter Enriquez now claims should have been set before the original judge.

We overrule Enriquez's second issue.

**Enriquez's prior-filed motions**

Enriquez contends in his third issue that it was error for the district court to rule on the State Officials' motion to dismiss before addressing his prior-filed summary-judgment motion, motion in limine, and plea to jurisdiction. But a trial court's ruling on a motion need not be expressly stated. *Dahlem v. State*, 322 S.W.3d 685, 691 (Tex. App.—Fort Worth 2010, pet. ref'd). Here, by granting the State Officials' motion to dismiss, the district court impliedly denied Enriquez's pending motions. And even if the district court had not ruled on his motions, Enriquez does not explain how failing to do so was improper or caused him any harm. *See* Tex. R. App. P. 44.1 (requiring harmful error).

We overrule Enriquez's third issue.

**Denial of live hearing**

In his final issue, Enriquez argues that the trial court abused its discretion in denying a live hearing on the State Officials' Rule 91a motion to allow Enriquez to present evidence of a meritorious claim. *See* Tex. R. Civ. P. 91a.6 ("The court may, but is not required to, conduct a hearing on the motion to dismiss."). First, we note that an inmate does not have an absolute right to appear in court in a civil proceeding. *See Perry v. Williams*, No. 02-12-00006-CV, 2013 WL 3064519, at *4 (Tex. App.—Fort Worth June 20, 2013, pet. denied) (mem. op.). More importantly, Rule 91a expressly forbids the consideration of evidence in a Rule 91a motion premised on "no basis in law": "Except as required [to determine costs and attorney fees], the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59."

Tex. R. Civ. P. 91a.6. Accordingly, Enriquez was not entitled to present evidence at a live hearing or otherwise.

We overrule Enriquez's fourth issue.

## Conclusion

Having overruled each of Enriquez's issues, we affirm the district court's order of dismissal.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Pemberton and Goodwin

Affirmed

Filed:   July 6, 2018

7