**Reversed and Remanded and Memorandum Opinion filed July 14, 2022.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔔𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-20-00420-CV

**DR. HANI HANNA, Appellant**

**V.**

**LOCUMTENENS.COM LLC D/B/A LT MEDICAL LLC, Appellee**

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Cause No. 1107602**

## M E M O R A N D U M   O P I N I O N

Hani Hanna appeals the trial court's dismissal of his lawsuit against Locumtenens.com LLC d/b/a LT Medical LLC ("Locumtenens") for want of prosecution. This is the second appeal in this case. During the pendency of the previous interlocutory appeal to this court on another issue, we issued a stay order of all proceedings in the trial court. When we lifted the stay, the trial court dismissed the case. Both parties in the current appeal agree that the trial court erred in dismissing the case. For the reasons stated in this opinion, we agree, reverse the

trial court's dismissal order, and remand for further proceedings.

*Background*

Hanna filed his original petition on March 20, 2018, alleging Locumtenens owed him for unpaid medical services he had provided. Locumtenens answered and moved to compel arbitration. The trial court denied the arbitration motion, and Locumtenens filed an interlocutory appeal to this court. On August 27, 2018, we issued an order staying "all proceedings" in the trial court "until a final decision by this court." *See* Tex. R. App. P. 29.3. On December 5, 2018, during the pendency of the appeal and stay, the trial court sua sponte issued an order dismissing the lawsuit for want of prosecution. Hanna filed a motion to reinstate, and the trial court reinstated the case on January 20, 2019. Thereafter, on December 18, 2019—which was also during the pendency of the appeal and while the appellate stay of all proceedings was in effect—the trial court signed a Status Conference and Notice of Intent to Dismiss, which stated as follows:

> It is ordered that a status conference has been set on 03/13/2020 at 9:30 AM. All parties are ORDERED to appear for a status conference on said date. Be prepared to set case for trial and discuss ADR options.
>
> NOTICE OF INTENT TO DISMISS AT STATUS CONFERENCE:
>
> YOUR CASE WILL BE DISMISSED FOR WANT OF PROSECUTION:
>
> a) Unless, prior to the conference, all necessary parties have been properly joined or served with citation;
>
> or
>
> b) Upon failure to appear for Status Conference.

On February 25, 2020, we issued an opinion and judgment in the prior appeal affirming the trial court's order denying arbitration. *LocumTenens.com, LLC v. Hanna*, No. 14-18-00739-CV, 2020 WL 897362 (Tex. App.—Houston

2

[14th Dist.] Feb. 25, 2020, no pet.) (mem. op.). Our judgment also explicitly lifted the stay order. Locumtenens then filed two motions for extensions of time to file a motion for rehearing, which this court granted, extending the deadline to file a rehearing motion until April 28, 2020.

On March 13, 2020, however, the trial court again rendered an order sua sponte dismissing Hanna's lawsuit for want of prosecution. A written order to that effect was signed on March 16. Hanna then filed a motion to reinstate, which the trial court denied. Locumtenens ultimately did not file a motion for rehearing in the first appeal. In a single issue, Hanna now challenges the second dismissal for want of prosecution and the denial of the motion to reinstate.

### *Discussion*

We review a trial court's dismissal for want of prosecution, as well as subsequent denials of motions to reinstate, for abuses of discretion. *Henderson v. Blalock*, 465 S.W.3d 318, 321–22 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Accordingly, we may reverse such decisions only if the trial court acted arbitrarily or without reference to guiding rules and principles. *Polk v. Sw. Crossing Homeowners Ass'n*, 165 S.W.3d 89, 96 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). There are two sources for a trial court's authority to dismiss suits for want of prosecution: Texas Rule of Civil Procedure 165a and the court's inherent authority. *See Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). Rule 165a authorizes trial courts to dismiss for want of prosecution "on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice." Tex. R. Civ. P. 165a(1); *see also Ex parte Z.H.*, No. 14-21-00497-CV, 2022 WL 482132, at *2 (Tex. App.—Houston [14th Dist.] Feb. 17, 2022, no pet.) (mem. op.). Trial courts also possess inherent authority to dismiss a case when a plaintiff fails to prosecute it with due diligence.

3

*Villarreal*, 994 S.W.2d at 630. However, regardless of which source of authority a trial court relies on, it must provide the party subject to dismissal "with notice and an opportunity to be heard." *Id*. A failure to provide adequate notice of an intent to dismiss necessitates reversal. *Id*. Such notice must state the ground or grounds on which dismissal is to be based. *See id*. at 631-32 & n.4.

In his brief, Hanna argues that he did not receive proper notice of the trial court's intent to dismiss the case for want of prosecution, the dismissal was in contravention of the appellate stay, and he was entitled to reinstatement because any failure to appear or prosecute the case was not intentional or the result of conscious indifference but due to accident or mistake or otherwise reasonably explained. Hanna made the same arguments in the trial court. In its brief, Locumtenens concedes that the trial court erred in dismissing the case for want of prosecution.

Although the trial court rendered its order of dismissal after we lifted the appellate stay, it issued its notice of intent to dismiss and set a status conference during the pendency of the appeal and the stay. As set forth above, the stay explicitly barred "all proceedings" in the trial court "until a final decision by this court." The trial court's notice and status conference setting were thus in violation of the appellate stay. Actions taken by a trial court in violation of an appellate stay order are void and of no effect. *See, e.g.*, *In re Bates*, 429 S.W.3d 47, 53 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding) (collecting cases); *In re Reilly*, No. 14-19-00524-CV, 2019 WL 3727273, at *1 (Tex. App.—Houston [14th Dist.] Aug. 8, 2019, orig. proceeding) (mem. op.) (indicating trial court's Trial Preparation Order violated appellate stay); *In re Sears, Roebuck & Co.*, 123 S.W.3d 573, 576 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding) ("[W]hen we do issue a stay order, it must be obeyed.").

Because the trial court's notice of intent to dismiss was issued in violation of the stay, it was void and did not provide the required notice. Although Hanna subsequently received notice of the dismissal order, neither that notice nor the order itself stated the ground or grounds on which it was based. *See generally Burnett v. Carnes Funeral Home, Inc.*, No. 14-12-01159-CV, 2014 WL 2601567, at *6 (Tex. App.—Houston [14th Dist.] June 10, 2014, no pet.) (mem. op.) (holding that even if trial court failed to provide notice of intent to dismiss for want of prosecution, any error was cured when party received notice of the actual dismissal order in time to a file a motion to reinstate).

Moreover, it is clear from the appellate record that the trial court dismissed Hanna's lawsuit because he failed to appear for the March 13, 2020 status conference. The other potential ground for dismissal identified by the court in the notice of intent to dismiss was the possibility that all necessary parties had not been joined and served. This lawsuit is a simple collection of an alleged debt; it involves one plaintiff and one defendant. The record demonstrates that the one defendant, Locumtenens, was properly served. As discussed above, the trial court set the status conference in the same order that it provided notice of the intent to dismiss. The order was void as it violated the stay. *See In re Acceptance Ins. Co.*, 33 S.W.3d 443, 447 (Tex. App.—Fort Worth 2000, orig. proceeding) (explaining that trial setting during pendency of appellate stay violated the stay); *cf. City of El Paso v. Caples Land Co.*, 408 S.W.3d 26, 38 (Tex. App.—El Paso 2013, pet. denied) (holding stay was not violated by particular setting because stay did not affect proceedings relating to the property at issue in the case).

Under the circumstances presented, the trial court acted arbitrarily and without reference to guiding rules and principles in dismissing Hanna's lawsuit without proper notice and for failing to appear at the status conference, the setting

5

of which occurred during the pendency of the appeal and the stay. *See Polk*, 165 S.W.3d at 96; *see also Villarreal*, 994 S.W.2d at 630. We sustain Hanna's sole issue.

We reverse the trial court's order of dismissal for want of prosecution and remand for further proceedings.


/s/    Frances Bourliot
        Justice


Panel consists of Justices Jewell, Bourliot, and Poissant.