**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00115-CV**

_____

**IN RE MARCELINO RODRIGUEZ, DONNA JEAN FORGAS, AND LINDA MARIE WILTZ GILMORE**

═══════════════════════════════════════════════════════════

**Original Proceeding**

═══════════════════════════════════════════════════════════

**OPINION**

Marcelino Rodriguez, Donna Jean Forgas, and Linda Marie Wiltz Gilmore filed a motion to enforce the writ of mandamus issued by this Court on March 18, 2013. The writ compelled the performance of a duty imposed by law in connection with the holding of the May 2013 election of the Board of Trustees of the Beaumont Independent School District. *In re Rodriguez*, 397 S.W.3d 817, 821-22 (Tex. App.—Beaumont 2013, orig. proceeding); *see* Tex. Elec. Code Ann. § 273.061 (West 2010). Our opinion noted that "neither party has cited any authority for cancelling the May election and conducting the election on another date." *In re Rodriguez*, 397 S.W.3d at 822. The case BISD cited, in a related matter, as support

1

for the exercise of equitable powers stated that "[g]enerally, courts will not exercise equitable powers when their exercise may delay the election." *See In re Gamble*, 71 S.W.3d 313, 318 (Tex. 2002). In explaining the writ of mandamus, this Court's opinion also noted that "[s]chool districts are limited by state statute to holding elections on certain election dates and in conjunction with certain other entities." *In re Rodriguez*, 397 S.W.3d at 822; Tex. Educ. Code Ann. § 11.0581 (West 2012).

Accordingly, we granted equitable relief from the three month and the ninety day statutory deadlines in the Election Code and the Education Code. *In re Rodriguez*, 397 S.W.3d at 822-23; Tex. Elec. Code Ann. § 276.006 (West 2010); Tex. Educ. Code Ann. § 11.052(i) (West 2012). We held that all positions on the Board must be filled in the May election because the Board failed to provide for the trustees in office to serve out the remainder of their terms following redistricting. *In re Rodriguez*, 397 S.W.3d at 822-23. The opinion provided that "the election scheduled for May 11, 2013, is to be conducted using the redistricting map adopted February 21, 2013[]" and ordered the respondent "to accept relators' applications and to place their names on the ballot, or to otherwise certify the election of unopposed candidates to the extent authorized by the Election Code and the Education Code." *Id.* at 823; *see also In re Gamble*, 71 S.W.3d at 318. Because

2

when we issued our opinion the May election required federal preclearance, we also explained: "We presume the Board will comply with federal preclearance requirements for the redistricting plan, and seek expedited review if it has not already done so." *In re Rodriguez*, 397 S.W.3d at 822. On April 3, 2013, BISD certified the unopposed candidates, including the relators, for the election scheduled to be held on May 11, 2013.

As part of the federal preclearance process, BISD filed a declaratory judgment action in the United States District Court for the District of Columbia, and sought preclearance under Section 5 of the Voting Rights Act. *See* 42 U.S.C.S. § 1973c. On April 23, 2013, the federal district court enjoined BISD from conducting the election scheduled to be held on May 11, 2013. The Board cancelled the May election. *See Beaumont Indep. Sch. Dist. v. Rodriguez*, No. 13-401, 2013 U.S. Dist. LEXIS 66724, at *4 (D.D.C. May 10, 2013). On May 10, 2013, the federal district court dismissed as moot BISD's "petition for a declaratory judgment granting preclearance for 'those voting changes occasioned by the decision of the Ninth Court of Appeals[.]'" *Id.* at *7.

In response to the Board's cancellation of the May election and scheduling of a November election, Rodriguez, Forgas, and Gilmore sued BISD and five trustees of the Board in an action filed in the 172nd District Court of Jefferson

3

County, Texas. According to an exhibit attached to BISD's supplemental brief in this mandamus proceeding, the relators' petition in state district court challenges BISD's cancellation of the May 2013 election, and seeks to enjoin BISD's new redistricting plan and BISD's proposed November 2013 election. The case was removed to federal court, but on May 31, 2013, the federal district court held it lacked subject matter jurisdiction and remanded the case to state court. Both parties have sought affirmative relief in courts where their claims are still pending: BISD, in the United States District Court for the District of Columbia, and relators, in the 172nd District Court of Jefferson County, Texas.

While BISD's preclearance request was pending, the Supreme Court of the United States declared unconstitutional section 4(b) of the Voting Rights Act. *Shelby Cnty., Alabama v. Holder*, 133 S.Ct. 2612, 2631, 186 L.Ed. 2d 651, 81 U.S.L.W. 4572 (2013); *see also* 42 U.S.C.S. § 1973b(b). The parties have provided documents to this Court indicating that the United States District Court for the District of Columbia has before it BISD's second amended complaint, the Rodriguez parties' motion to dismiss, a motion to intervene filed by persons claiming an interest in the litigation, and a motion for entry of an election order. The federal court has not yet decided the effect of *Shelby County* on the proceeding pending in that court.

Under these circumstances, the relators ask this Court to enforce our March 2013 writ of mandamus. The writ presumed and addressed a May 2013 election, which did not occur. *See In re Rodriguez*, 397 S.W.3d at 823; *see generally In re Uresti*, 377 S.W.3d 696, 696 (Tex. 2012) (addressing mootness doctrine).

In our earlier opinion, we ordered the Board to use a map that set out single member districts because the Department of Justice had objected to a redistricting plan setting two at-large positions. *In re Rodriguez*, 397 S.W.3d at 821. BISD's response to relators' motion to enforce in this proceeding states as follows:

> If *Shelby County* means that the preclearance objections to BISD's 5-2 plan should be ignored, ordering an election under the Map 7b in the face of election results that required BISD to abandon single-member districts in favor of a 5-2 plan is improper. The correct remedy under that scenario would be to direct BISD to conduct an election under a 5-2 plan leaving BISD with its statutory discretion to select such a plan being mindful of the federal objection to the 5-2 plan originally adopted. (footnote omitted).

In response to this argument and upon this Court's request that they specifically identify the mandamus relief they are currently seeking from this Court as alternative relief, the relators ask this Court to "order an election, set candidate filing deadlines and require all positions open for election under a 5/2 plan, specifically under Plan 5F." BISD argues that it has the authority to schedule the election for November, that the 5-2 and 7b plans are not defensible, and that "this

5

Court should not disrupt BISD's decision to reschedule the enjoined election for November since complying with the statute is now impossible."

"[A] court of appeals may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election[.]" Tex. Elec. Code Ann. § 273.061. But a court should avoid a premature adjudication of an issue. *See generally Robinson v. Parker*, 353 S.W.3d 753, 756 (Tex. 2011) (Courts should avoid "advising what the law would be on a hypothetical set of facts."); *see also McAllen Med. Ctr., Inc. v. Cortez*, 66 S.W.3d 227, 232 (Tex. 2001) (discussing advisory opinions). The parties ask this Court to make decisions in this proceeding about a potential November 2013 election, but requests and challenges to a November 2013 election are pending in federal and state district courts, and the parties cannot predict when those cases will be resolved. Relators' issues relate to an election on some future date, not a past May 2013 date. As the parties' claims remain subject to on-going litigation in both federal and state courts, we refrain from exercising any mandamus authority and do not address the merits of the parties' claims at this time. Accordingly we deny the motion and dismiss the mandamus petition without prejudice.

PETITION DISMISSED.

PER CURIAM

Submitted on July 19, 2013
Opinion Delivered August 1, 2013

Before McKeithen, C.J., Gaultney and Horton, JJ.