

# NUMBER 13-21-00004-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**IN RE J. MICHAEL MOORE**

On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina
Memorandum Opinion by Justice Longoria[1]**

By petition for writ of mandamus, relator J. Michael Moore seeks to set aside an order transferring a case from the 92nd District Court of Hidalgo County, Texas, to the 93rd District Court of Hidalgo County, Texas. The question presented in this original proceeding is whether the Hidalgo County Local Rules (Local Rules) allow a case to be transferred by agreement of the judges to a court previously found to be an "improper"

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

court by virtue of forum shopping. We conclude that the Local Rules do not.

In summary, as will be discussed herein, an assigned judge concluded that real parties in interest Marco A. Cantu a/k/a Mark Cantu and Roxanne Cantu a/k/a Roxana Cantu (collectively Cantu) engaged in "forum shopping" and that the underlying case, filed in the 93rd District Court, and other cases filed by Cantu, were thus in improper courts under the Local Rules. Accordingly, the assigned judge transferred the underlying case and the other cases to the 92nd District Court as the court where Cantu's first-filed case had been randomly assigned. Thereafter, even though the assigned judge found that the 93rd District Court was an improper court because it had been obtained by forum shopping, the presiding judges of the 92nd and 93rd District Courts transferred the underlying case by agreement back to the 93rd District Court. We conclude that this transfer constituted an abuse of discretion, and we conditionally grant the petition for writ of mandamus.

## I.  BACKGROUND

The background for this original proceeding can be found in a separate opinion issued by this Court. *See In re Moore*, No. 13-19-00551-CV, 2019 WL 6905837, at *1 (Tex. App.—Corpus Christi–Edinburg Dec. 19, 2019, orig. proceeding) (mem. op.); *see also In re Cantu*, No. 13-20-00488-CV, 2020 WL 6811995, at *1 (Tex. App.—Corpus Christi–Edinburg Nov. 19, 2020, orig. proceeding) (mem. op.) (denying Cantu's petition for writ of mandamus seeking to compel the trial court to hold a hearing and rule on his "Second Amended Emergency Motion to Dismiss a/k/a Plea to the Jurisdiction and Motion for a Ruling on Said Motion"); *In re Cantu*, No. 13-20-00443-CV, 2020 WL 6435771, at *1

2

(Tex. App.—Corpus Christi–Edinburg Oct. 30, 2020, orig. proceeding) (mem. op.) (denying Cantu's petition for writ of mandamus on this same issue without prejudice); *Rodriguez v. Cantu*, 581 S.W.3d 859, 870 (Tex. App.—Corpus Christi–Edinburg 2019, no pet.) (combined appeal & orig. proceeding) (conditionally granting mandamus relief for the trial court's refusal to strike Cantu's petition in intervention in a Rule 202 proceeding).

In summary, in the underlying case, Cantu filed a petition seeking the pre-suit deposition of Hidalgo County District Attorney Ricardo Rodriguez under Texas Rule of Civil Procedure 202. *See In re Moore*, 2019 WL 6905837, at *1; *see also* TEX. R. CIV. P. 202. Moore filed a plea in intervention and moved to transfer the case from the 93rd District Court to the 92nd District Court alleging that Cantu had engaged in forum shopping. *See In re Moore*, 2019 WL 6905837, at *1. The Honorable Mario Ramirez recused himself and referred the case to the Honorable Missy Medary, the Presiding Judge of the Fifth Administrative Judicial Region. *Id.* Judge Medary ultimately assigned the Honorable Rogelio Valdez to the case for "the limited purpose" of determining the "Motion to Transfer From Improper Court Pursuant to Rule 1.2.7 Hidalgo County Local Rules, Plea in Intervention and Motion to Strike Plea in Intervention and Motion for Sanctions and Response to Motion to Transfer." *Id.* Nevertheless, the Honorable Fernando Mancias, the Presiding Judge of the 93rd District Court, began presiding over the case and struck Moore's plea in intervention. *Id.* Moore filed an original proceeding in this Court contending that Judge Mancias abused his discretion by issuing orders in the case after Judge Medary assigned Judge Valdez to the case. We concluded that Judge Mancias abused his discretion and conditionally granted the petition for writ of

3

mandamus. *Id.* at \*5–7. We directed Judge Mancias to vacate his order of October 18, 2019, striking Moore's petition for intervention and all other orders that he had issued in this case. *Id.* at \*7.

After we issued our opinion, Judge Valdez presided over the case as per Judge Medary's assignment and concluded that Cantu had improperly engaged in forum shopping. Accordingly, on December 1, 2020, Judge Valdez issued an "Order of Transfer" stating in relevant part:

> **THE COURT FINDS AND DECREES**, that the Petitioner, Marco A. Cantu, by and through his name and in the name of his wife, Roxanne Cantu, engaged in "forum shopping" by filing and, in some cases, requesting the transfer of the following cases in the District Courts of Hidalgo County, Texas, namely:
>
> 1. C-3354-17-A; Petitioner Roxanne Cantu vs. Hidalgo County District Attorney Ricardo Rodriguez, Jr., et al., pending in the 92nd Judicial District Court of Hidalgo County, Texas;
>
> 2. C-3569-17-C; Petitioner Roxanne Cantu vs. Hidalgo County District Attorney Ricardo Rodriguez. Jr., et al., pending in the 139th Judicial District Court of Hidalgo County, Texas:
>
> 3. C-3569-17-G; Petitioner Roxanne Cantu vs. Hidalgo County District Attorney Ricardo Rodriguez, Jr. et al., pending in the 370th Judicial District Court of Hidalgo County, Texas;
>
> 4. C-3390-19-J; Petitioner Roxana Cantu vs. Hidalgo County District Attorney Ricardo Rodriguez, Jr. et al., pending in the 430th Judicial District Court of Hidalgo County, Texas;
>
> 5. C-3673-19-L; Petitioner Mark A. Cantu vs. Hidalgo County District Attorney Ricardo Rodriguez. Jr., et al., pending in the 464th Judicial District Court of Hidalgo County, Texas;
>
> 6. C-3933-19-D, Petitioner Marco A. Cantu vs. Hidalgo County District Attorney Ricardo Rodriguez, Jr., et al., pending in the 206th Judicial District Court of Hidalgo County. Texas;

7.      C-4003-19-F; Petitioner Mark A. Cantu vs. Hidalgo County District Attorney Ricardo Rodriguez. Jr., et al., pending in the 275th Judicial District Court of Hidalgo County, Texas; and

8.      C-4003-19-B; Petitioner Marco A. Cantu vs. Hidalgo County District Attorney Ricardo Rodriguez, Jr. et. al., pending in the 93rd Judicial District Court of Hidalgo County Texas;

**IT IS HEREBY ORDERED, ADJUDGED and DECREED,** that in finding that Mark A. Cantu has engaged in "forum shopping" in the filing of the above reference[d] cases[;] the Court further finds Mark A. Cantu has subverted the random assignment of cases which "breeds disrespect for and threatens the integrity of our judicial system"[] in violation of Hidalgo County Local Rules, Rule 1.1 and that pursuant to Rule 1.2.7, this Court finds that the first filed case that was randomly assigned is *C-3354-17-A; Petitioner Roxanne Cantu vs. Hidalgo County District Attorney Ricardo Rodriguez, Jr., et al.* pending in the 92nd Judicial District Court of Hidalgo County, Texas. [A]nd the Court further finds that all other cases that have been filed as listed in paragraphs 2–8 are "Improper Courts" as defined by the Local Rules of Hidalgo County, Texas and are hereby transferred to the 92nd Judicial District Court of Hidalgo County, Texas for any and all other proceedings. [A]nd the Court further finds that any future filings or new cases filed by Mark A. Cantu or through his alias and Roxanne Cantu or through her alias that arise from the same transaction, occurrence[,] or same or similar common nucleus of operative facts shall be transferred to the 92nd Judicial District Court of Hidalgo County, Texas for any further proceedings, and the Court defers any ruling on *Petitioner Mark A. Cantu's Motion to Strike Plea of Intervention and Motion for Sanctions,* to allow the Judge of the 92nd Judicial District Court to decide such issues. All costs shall be borne by the parties incurring same.

The Hidalgo County District Clerk's Office is hereby ordered to comply with the terms of this order and the transfer all such live cases as stated herein.

Subsequently, however, on December 16, 2020, Judge Mancias and the Honorable Luis M. Singleterry, Presiding Judge of the 92nd District Court, signed an "Order of Transfer" in this case which states merely that "by agreement of the District Judges of Hidalgo County, Texas, and under the Local Rules of Hidalgo County, the above-styled and enumerated cause is hereby transferred to the 93rd District Court." This

5

order thus transferred the case from the 92nd District Court, with Judge Singleterry presiding, back to the 93rd District Court, with Judge Mancias presiding. Based on the record, the "Order of Transfer" appears to have been entered without notice or hearing.

This original proceeding ensued. By one issue, Moore contends that mandamus relief is available "to prevent Judge Mancias from nullifying the ruling made by [Judge Valdez], where [Judge Valdez] had removed Judge Mancias from considering the matters properly transferred by [Judge Valdez] to the first filed Court." Moore asserts that Judge Mancias clearly abused his discretion and any remedy by appeal is inadequate. Moore seeks to compel Judge Mancias "to vacate his ex parte Order of Transfer of December 16, 2020, transferring this case to himself." By writ of prohibition, Moore seeks to prevent Judge Mancias "from interfering with the jurisdiction of the duly assigned Judge of the 92nd Judicial District Court . . . ."

This Court requested the real parties in interest, Cantu, Hidalgo County District Attorney Ricardo Rodriguez, and Assistant District Attorney Juan L. Villescas, to file a response to the petition for writ of mandamus. Rodriguez and Villescas filed a response in support of Moore's petition for writ of mandamus. They allege that Judge Mancias abused his discretion by ordering the case transferred back to the 93rd District Court after Judge Valdez ordered the case to be heard in the 92nd District Court due to allegations of forum shopping. They assert that Judge Mancias also allowed Cantu "to forum shop his claim to obtain a court of his preference rather [than allow] the case to remain in the first court of assignment as required by the [Local Rules]."

6

Cantu, proceeding pro se, also filed a response to the petition for writ of mandamus asserting that Moore has not met his burden to obtain relief. Cantu asserts that Moore lacks "personal knowledge" of the statements contained in the petition; this Court cannot issue a writ of mandamus because the facts are disputed; the petition is directed to "the wrong judge"; the mandamus is not ripe; and this Court should not interfere with the docket of the 92nd District Court.

Moore filed a reply to Cantu's response. Moore asserts that Cantu's response is untimely, unverified, and contains "unsubstantiated accusations and claims of disputed fact issues."[2] Moore argues that the undisputed facts merit mandamus relief.

Finally, Moore has now filed an emergency motion for writ of injunction through which he seeks to enjoin Cantu "from continuing to engage in forum shopping during the pendency of this mandamus proceeding." According to this motion, Roxanne Cantu filed a lawsuit, identical in all respects to the underlying lawsuit, in the 464th District Court of Hidalgo County, Texas, then filed a motion to transfer the case to the 370th District Court of Hidalgo County, Texas. Moore's emergency motion states in summary:

> The factual record of persistent forum shopping by [Cantu] is well documented in this proceeding as well as other prior proceedings before this Court. This latest attempt to circumvent the jurisdiction of this Court in this mandamus proceeding, and the ultimate outcome of recusal proceedings against one of the two trial courts below for which [the Cantus] continually seek to have their illegal and fraudulent claims heard to obtain what they know will be a favorable outcome, must be halted to prevent more wasting of [judicial] resources on issues which have been resolved. Unless this Court enjoins [the Cantus] and those in active concert with them from continuing to engage in forum shopping to have their [] unjustified

---

[2] We agree with Moore that there are deficiencies in Cantu's response. It was untimely and many of its factual allegations are not supported by competent evidence in the record or appendix. *See* TEX. R. APP. P. 52.4. Nevertheless, in our discretion, we will consider Cantu's arguments in the interests of justice.

complaints heard in either the 370th Judicial District Court or the 93rd Judicial District Court, [Moore] will be forced to come before this Court in an endless series of filings of writs of mandamus proceedings challenging [the Cantus'] subversion of the integrity of the Hidalgo County Court System through one frivolous filing after another in seeking a court which they believe will be [] favorable to their meritless, revenge[-]filled attempts at seeking to indict [Moore] and three other local Hidalgo County Texas attorneys.

Cantu filed a response to Moore's emergency motion in which he asserts, inter alia, that the use of a writ of injunction is limited to cases in which the appellate court has actual jurisdiction over a pending proceeding.

## II. MANDAMUS, PROHIBITION, AND INJUNCTION

In this original proceeding, Moore requests relief through writs of mandamus, prohibition, and injunction. We examine these remedies separately.

## A. Mandamus

Mandamus is an "extraordinary" remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding); *see In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding). To obtain mandamus relief, the relator must show that the trial court clearly abused its discretion, and that the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *see In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 462 (Tex. 2008) (orig. proceeding).

A trial court clearly abuses its discretion if it reaches a decision that is so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). The

8

adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). We evaluate the benefits and detriments of mandamus review and consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

## B.    Prohibition

A writ of prohibition is a "creature of limited purpose." *In re Lewis*, 223 S.W.3d 756, 761 (Tex. App.—Texarkana 2007, orig. proceeding); *see In re State ex rel. Munk*, 448 S.W.3d at 687, 694 (Tex. App.—Eastland 2014, orig. proceeding); *In re Miller*, 433 S.W.3d 82, 84 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding). A writ of prohibition issues only to prevent the threatened commission of a future act. *See Tilton v. Marshall,* 925 S.W.2d 672, 676 n.4 (Tex. 1996) (orig. proceeding). The writ is designed to operate like an injunction issued by a superior court to control, limit, or prevent action in a lower court. *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 682 (Tex. 1989) (orig. proceeding); *In re Tex. Dep't of Transp.*, 583 S.W.3d 794, 796 (Tex. App.—El Paso 2019, orig. proceeding); *In re Cap Rock Energy Corp.*, 225 S.W.3d 160, 160 (Tex. App.—El Paso 2005, orig. proceeding).

An appellate court does not have jurisdiction, absent actual jurisdiction over a pending proceeding, to issue a writ of prohibition requiring that a trial court refrain from performing a future act. *In re State ex rel. Munk,* 494 S.W.3d 370, 376–77 (Tex. App.—Eastland 2015, orig. proceeding); *In re Nguyen*, 155 S.W.3d 191, 194 (Tex. App.—Tyler

9

2003, orig. proceeding); *Lesikar v. Anthony*, 750 S.W.2d 338, 339 (Tex. App.—Houston [1st Dist.] 1988, orig. proceeding) (per curiam). Further, the writ will not issue to protect an appellate court's jurisdiction from the "mere possibility" of interference by a trial court; instead, the threat of jurisdictional interference must be "imminent." *In re Miller*, 433 S.W.3d at 84.

## C.    Injunction

Like the writ of prohibition, the purpose of a writ of injunction is to enforce or protect the appellate court's jurisdiction. *Holloway*, 767 S.W.2d at 683; *In re Murphy*, 484 S.W.3d 655, 656 (Tex. App.—Tyler 2016, orig. proceeding) (per curiam); *In re Olson*, 252 S.W.3d 747, 747 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding) (per curiam); *In re Sheshtawy*, 161 S.W.3d 1, 1 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding) (per curiam). The writ of injunction is issued by a superior court to control, limit, or prevent action in a lower court. *In re Olson*, 252 S.W.3d at 747; *In re State*, 180 S.W.3d 423, 425 (Tex. App.—Tyler 2005, orig. proceeding). Writs of injunction are limited to cases in which the appellate court has actual jurisdiction over a pending proceeding. *In re Murphy*, 484 S.W.3d at 656; *In re Olson*, 252 S.W.3d at 747.

Like the writ of prohibition and in contrast to a writ of mandamus, a writ of injunction is preventative in nature. *Campbell v. Wilder*, 487 S.W.3d 146, 153–54 (Tex. 2016). However, a writ of injunction operates on individuals whereas a writ of prohibition is directed against a court. *Haskett v. Harris*, 567 S.W.2d 841, 844 (Tex. App.—Corpus Christi–Edinburg 1978, no writ); *Cattlemens Trust Co. of Ft. Worth v. Willis*, 179 S.W. 1115, 1118 (Tex. App.—Fort Worth 1915, no writ); *see also In re Moore*, 2019 WL

10

6905837, at *5; *Amsav Grp. v. American Sav. & Loan Ass'n of Brazoria Cty.*, No. C14-89-00006-CV, 1989 WL 3387, at *1 (Tex. App.—Houston [14th Dist.] 1989, orig. proceeding) (mem. op.).

**D.     Analysis**

At the present time, we see no threat to our jurisdiction. *See Holloway*, 767 S.W.2d at 683; *In re Murphy*, 484 S.W.3d at 656; *In re Olson*, 252 S.W.3d at 747. Accordingly, we deny Moore's request for a writ of prohibition and his emergency motion for writ of injunction without regard to the merits of the requests, without prejudice, and without impairing Moore's ability to seek any other relief at the trial court or appellate levels. We proceed to address Moore's claims by petition for writ of mandamus.

## III.     APPLICABLE LAW

Our analysis of the issue presented in this original proceeding implicates doctrines pertaining to forum shopping, the transfer of cases, and the construction of the Local Rules.

**A.     Forum Shopping**

"Random assignment of cases is designed to prevent forum shopping." *In re Union Carbide Corp.*, 273 S.W.3d 152, 157 (Tex. 2008) (orig. proceeding) (per curiam). Conduct that subverts random assignment procedures "breeds disrespect for and threatens the integrity of our judicial system." *In re Bennett*, 960 S.W.2d 35, 40 (Tex. 1997) (orig. proceeding) (per curiam). Thus, Texas courts have long recognized an important public policy against forum shopping. *In re Boehme*, 256 S.W.3d 878, 882 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding); *Reliant Energy, Inc. v. Gonzalez*, 102 S.W.3d 868,

11

875 (Tex. App.—Houston [1st Dist.] 2003), *aff'd*, 159 S.W.3d 615 (Tex. 2005); *In re Houston Nw. Partners, Ltd.*, 98 S.W.3d 777, 780 (Tex. App.—Austin 2003, orig. proceeding [mand. dism'd]); *DB Entm't v. Windle*, 927 S.W.2d 283, 288 (Tex. App.—Fort Worth 1996, orig. proceeding [mand. dism'd]). The Texas Supreme Court has "repeatedly prohibited" the practice of forum shopping. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 260 (Tex. 2008) (orig. proceeding).

## B.    Transferring Cases

The Texas Rules of Civil Procedure allow district court judges to transfer a case from one court to another court. TEX. R. CIV. P. 330(e). In accordance with this precept, § 74.093 of the Texas Government Code provides that district and statutory county court judges shall adopt local rules of administration providing for, among other things, the "assignment, docketing, transfer, and hearing of all cases, subject to the jurisdictional limitations of the district courts and statutory county courts." TEX. GOV'T CODE ANN. § 74.093(a), (b)(1); *see Alpert v. Gerstner*, 232 S.W.3d 117, 123 (Tex. App.—Houston [1st Dist.] 2006, pet. denied); *Polk v. Sw. Crossing Homeowners Ass'n*, 165 S.W.3d 89, 93 (Tex. App.—Houston [14th Dist.] 2005, pet. denied); *In re Stark*, 126 S.W.3d 635, 639 (Tex. App.—Beaumont 2004, orig. proceeding [mand. denied]); *In re Rio Grande Valley Gas Co.*, 987 S.W.2d 167, 176 (Tex. App.—Corpus Christi–Edinburg 1999, orig. proceeding).

Trial courts have broad discretion to transfer cases under a court's local rules. *See In re Hous. Lighting & Power Co.*, 976 S.W.2d 671, 673 (Tex. 1998) (orig. proceeding) (per curiam); *Alpert*, 232 S.W.3d at 123. However, that discretion is not unlimited. *In re*

*City of Coppell*, 219 S.W.3d 552, 560 (Tex. App.—Dallas 2007, orig. proceeding); *In re Rio Grande Valley Gas Co.*, 987 S.W.2d at 176; *see also In re Hous. Livestock Show & Rodeo, Inc.*, No. 01-18-00825-CV, 2019 WL 2376120, at *4–5 (Tex. App.—Houston [1st Dist.] June 6, 2019, orig. proceeding) (mem. op.).

## C.      Local Rules

The Texas Code Construction Act applies to local rules adopted under the government code. *See* TEX. GOV'T CODE ANN. § 311.002(4); *see also In re Mike Hooks, Inc.*, No. 01-12-00503-CV, 2012 WL 3629000, at *2 (Tex. App.—Houston [1st Dist.] Aug. 23, 2012, orig. proceeding) (mem. op.); *In re Shoreline Gas, Inc.*, No. 13-06-001-CV, 2006 WL 2371472, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 17, 2006, no pet.) (combined appeal & orig. proceeding) (mem. op.). The proper construction of a statute is a question of law we review de novo. *In re Panchakarla*, 602 S.W.3d 536, 540 (Tex. 2020) (orig. proceeding) (per curiam); *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011). We do not construe the statute's chosen words and phrases in isolation, but instead we consider the context and framework of the entire statute and construe it as a whole. *Worsdale v. City of Killeen*, 578 S.W.3d 57, 69 (Tex. 2019); *Cadena Comercial USA Corp. v. Tex. Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 325 (Tex. 2017). We presume, inter alia, that the entire statute is intended to be effective, a just and reasonable result is intended, and the public interest is favored over any private interest. TEX. GOV'T CODE ANN. § 311.021(2), (3), (5); *Univ. of Tex. Health Sci. Ctr. v. Gutierrez*, 237 S.W.3d 869, 873 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).

## IV. ANALYSIS

Moore argues that this Court should grant relief "to prevent Judge Mancias from nullifying the ruling" made by Judge Valdez transferring the underlying case to the first-filed court. Moore contends that allowing a transfer pursuant to one local rule, allowing transfers by agreement, would defeat another local rule prohibiting forum shopping and would also violate Judge Valdez's ruling regarding forum shopping. Moore asserts that allowing this transfer would encourage and allow forum shopping to continue. He alleges that Judge Mancias abused his discretion and there is no adequate remedy by appeal.

The Local Rules applicable to the Hidalgo County district courts provide, in relevant part:

Rule 1. Filing, Assignment, and transfer of cases.

1.1 Filing and Assignment. On being filed, a case shall be assigned randomly to the docket of one of the District Courts with civil jurisdiction. Once assigned to a court, a case will remain on the docket of that court for all purposes unless transferred as provided by these rules.

1.2 Transfer of cases.

1.2.1 Agreement. Any case may be transferred from one court to another by written Order of the Presiding Judge or by written Order of the judge of the court from which the case is transferred; provided in that latter instance the transfer must be with the written consent of the court to which the case is transferred.

. . . .

1.2.7 Improper Court. If a case is on the docket of a court by any manner other than as prescribed by these rules, the Presiding Judge shall transfer the case to the proper court.

The December 16, 2020 order transferring the underlying cause to the 93rd District Court was made "by agreement of the District Judges of Hidalgo County, Texas, and

14

under the Local Rules of Hidalgo County." It is signed by both Judge Singleterry of the 92nd District Court and Judge Mancias of the 93rd District Court. The Hidalgo County Local Rules authorize a transfer by agreement. *See* HIDALGO (TEX.) LOC. R. 1.2.1. Local Rule 1.2.1 states that any case may be transferred from one court to another by written Order of the Presiding Judge or by written Order of the judge of the court from which the case is transferred; provided in that latter instance, the transfer must be with the written consent of the court to which the case is transferred. *See id.*

Nevertheless, under the rules of statutory construction, we do not read Rule 1.2.1 in isolation but instead consider it in the context and framework of the Local Rules and construe them as a whole. *See Worsdale*, 578 S.W.3d at 69; *Cadena Comercial USA Corp.*, 518 S.W.3d at 325. As a threshold matter, the Local Rules expressly require that cases be assigned "randomly." HIDALGO (TEX.) LOC. R. 1.1. Further, the Local Rules prevent cases from being heard in an "Improper Court" and provide that "[i]f a case is on the docket of a court by any manner other than as prescribed by these rules, the Presiding Judge shall transfer the case to the proper court." *Id.* R. 1.2.7.

In the December 1, 2020 "Order of Transfer," Judge Valdez expressly found that Cantu "engaged in 'forum shopping'" in the underlying case and that the case as filed in the 93rd District Court was thus in an "'Improper Court[]' as defined by the Local Rules of Hidalgo County, Texas." Judge Valdez concluded that Cantu had "subverted the random assignment of cases," thereby violating Local Rule 1.1. *See id.* R. 1.1. Under these circumstances, considering the framework of the Local Rules, and favoring the public interest against forum shopping, the case could not be transferred back to the 93rd District

Court. *See id.;* TEX. GOV'T CODE ANN. § 311.021(2), (3), (5); *Univ. of Tex. Health Sci. Ctr.*, 237 S.W.3d at 873. The transfer order circumvents the random assignment of cases, conflicts with the Local Rules regarding "Improper Courts," and directly conflicts with Judge Valdez's order.

Cantu asks that we deny mandamus relief and urges several rationales in support of his position. Cantu first asserts that Moore lacks personal knowledge of the statements contained in the petition. He alleges:

> In the case at bar, there is only one way [Moore] could possess personal knowledge of [Cantu] acting as the puppet master for the 92nd and 93rd District Court, viz. following [Cantu] twenty[-]four (24) hours a day to observe his actions. Obviously, this is not true; if it were true, [Moore] would have died of boredom. Likewise, he would need to be present [when] the 92nd District Court discussed this transfer with the 93rd District Court. [Moore] fails to explain how he was present for such discussion.

Cantu argues that to obtain mandamus relief, Moore must "present a story based on his personal knowledge," and that if Moore lacks personal knowledge, then he is not entitled to relief. In support of this contention, Cantu cites *In re Long*, 607 S.W.3d 443, 446 (Tex. App.—Texarkana 2020, orig. proceeding), and *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding). These cases concern the certification requirement for a petition for writ of mandamus and the requirements for the mandamus record. *See In re Long*, 607 S.W.3d at 445–46; *In re Butler*, 270 S.W.3d at 759. Cantu does not otherwise assail Moore's certification or record for the petition for writ of mandamus.

The certification for the petition states that Moore has "reviewed the petition for writ of mandamus and concluded that every factual statement in the petition is supported by competent evidence included in the appendix and mandamus record . . . ." Moore's

16

certification complies with Texas Rule of Appellate Procedure 52.3(j). *See* TEX. R. APP. P. 52.3(j). Based on our review, the petition contains no factual statements that are pertinent to our review that are not supported by the appendix and record. *See id.* Similarly, Moore's record complies with the requirements of the appellate rules. *See id.* R. 52.7. We reject Cantu's arguments otherwise.

Cantu next asserts that Moore's petition is based on pure speculation insofar as it alleges that he, Judge Singleterry, and Judge Mancias possessed "nefarious motives" in transferring the case. A petition "requires certainty as to both pleadings and facts," and we do not resort to "speculation or supposition" when determining whether to issue extraordinary relief. *In re Carrington*, 438 S.W.3d 867, 870 (Tex. App.—Amarillo 2014, orig. proceeding); *see In re Colony Ins.*, 978 S.W.2d 746, 747 (Tex. App.—Dallas 1998, orig. proceeding [mand. denied]) ("We will not issue a writ of mandamus when the petition and the record supporting it require us to speculate.").

The resolution of Moore's petition for writ of mandamus does not require us to speculate regarding the parties' motivations. As the Texas Supreme Court noted in *In re Union Carbide*, we need not consider whether Cantu was, in fact, forum shopping regarding the transfer at issue, whether Cantu had any part to play in it, or whether the order was intended to contravene the random assignment rules. *See* 273 S.W.3d at 157 ("We need not consider whether the intervention was intended to circumvent Galveston County's local rule requiring random assignment of cases because regardless of the Halls' intent, the intervention and the trial court's abuse of discretion in failing to rule on and grant the motion to strike resulted in circumvention of the random assignment rule.").

17

It is enough that the transfer order circumvented the rules regarding the random assignment of cases, promoted forum shopping, and directly contravened the findings and order made by Judge Valdez. *See id.* Accordingly, we reject Cantu's assertion that the petition for writ of mandamus should be denied because it is premised on speculation.

Cantu further asserts that factual disputes in this case render mandamus relief inappropriate. Appellate courts are not authorized to resolve factual disputes in a mandamus proceeding. *In re Woodfill*, 470 S.W.3d 473, 478 (Tex. 2015) (orig. proceeding) (per curiam); *In re Angelini*, 186 S.W.3d 558, 560 (Tex. 2006) (orig. proceeding); *In re Perez*, 508 S.W.3d 500, 503 (Tex. App.—El Paso 2016, orig. proceeding [mand. denied]). To defeat relief by mandamus, the disputed facts must be "of consequence" to the dispute. *In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 403 (Tex. App.—Tyler 2006, orig. proceeding); *see In re Cochran*, 151 S.W.3d 275, 278 (Tex. App.—Texarkana 2004, orig. proceeding). Cantu's assertion that disputed facts prevent mandamus from issuing appears to be based on his denial that he had any involvement in the circumstances leading to the transfer order at issue in this case. As we have stated previously, though, it is unnecessary to consider whether Cantu was involved in the circumstances leading to the transfer order. Cantu identifies no other factual disputes. We thus reject Cantu's argument that factual disputes render mandamus inappropriate.

Next, Cantu asserts that Moore has not identified the proper respondent against which he is seeking relief. Specifically, Cantu suggests that Moore's failure to identify Judge Singleterry as a respondent in this original proceeding should bar mandamus relief. Cantu cites no authority in support of this proposition. "In original proceedings other than

18

habeas corpus, the person against whom relief is sought—whether a judge, court, tribunal, officer, or other person—is the respondent." TEX. R. APP. P. 52; *see In re Schmitz*, 285 S.W.3d 451, 453 (Tex. 2009) (orig. proceeding). The proper respondent in an original proceeding contesting a judicial order should typically "be the judge who made the ruling." *In re Schmitz*, 285 S.W.3d at 453. The Texas Supreme Court has stated that "[g]enerally, of course, the respondent is not critical in mandamus proceedings, as only the real party in interest actually appears, argues, and is affected by the outcome," and the supreme court has accordingly changed identification of the respondent on its own motion in original proceedings. *See id.* at 454. In this case, Judge Mancias agreed to the transfer into his court, and is an appropriate respondent, and for that matter, so is Judge Singleterry, who transferred the case from his court. *See id.* We thus consider both as respondents in this case. *See id.*

Cantu further asserts that any relief against Judge Mancias is premature at this time because Moore has filed a motion to disqualify[3] Judge Mancias. In connection with this issue, Cantu asserts that mandamus relief should not be granted when the facts before the trial court are changing and the court cannot address hypothetical claims in an original proceeding. Moore, in reply, contends that his pending motion regarding Judge Mancias "is of no effect to this petition."

A petition for writ of mandamus may be premature. *See*, *e.g.*, *In re Ford Motor Co.*,

---

[3] Cantu refers to this motion as one to disqualify Judge Mancias; whereas Moore refers to the motion as one to recuse. *See* TEX. R. CIV. P. 18b(a) (providing the grounds for disqualification of a judge); *id.* R. 18b(b) (providing the grounds for recusal of a judge). The motion is not in the record before us, and the discrepancy is immaterial to our resolution of this proceeding.

124 S.W.3d 147 (Tex. 2003) (orig. proceeding) (per curiam) (concluding that a petition for writ of mandamus was premature when the trial court had not yet issued the challenged order prescribing a method for the production of databases); *In re Rodriguez*, 409 S.W.3d 178, 180 (Tex. App.—Beaumont 2013, orig. proceeding) (per curiam) (concluding that it would be premature to issue mandamus when the issues presented depended on contingent events and future matters); *In re Kuster*, 363 S.W.3d 287, 290 (Tex. App.—Amarillo 2012, orig. proceeding) ("[T]o the extent that [relator's] petition seeks mandamus relief based upon events that have not yet occurred and remain merely hypothetical, we conclude that we are without jurisdiction to render advisory opinions on factual situations that may or may not arise in the future.").

We disagree with Cantu's contention that this petition is premature. The transfer order at issue has been signed, and the disposition of this original proceeding is not dependent on the resolution of Moore's motion to recuse or disqualify Judge Mancias. This is not a case where intervening changes in factual circumstances would have ramifications on the outcome of the underlying issue and thus militate against mandamus relief. *See, e.g.*, *Henderson v. Floyd*, 891 S.W.2d 252, 255 (Tex. 1995) (orig. proceeding) (per curiam); *In re Summersett*, 438 S.W.3d 74, 84 (Tex. App.—Corpus Christi–Edinburg 2013, orig. proceeding [mand. denied]).

Finally, Cantu assails this Court's authority to determine this matter by presenting the question: "Who runs the 92nd District Court's docket, this Court or the 92nd District Court?"[4] In connection with this issue, Cantu asserts that courts are free to transfer cases

---

[4] We note that we are unable to appreciate all the arguments that Cantu makes in his response. He asserts, for instance:

and Judge Singleterry "did what he thought was best for his docket." As stated previously, however, while trial courts have broad discretion to transfer cases, that discretion is not unlimited. *In re City of Coppell*, 219 S.W.3d at 560; *In re Rio Grande Valley Gas Co.*, 987 S.W.2d at 176. Here, the respondents lacked discretion to enter a transfer order that conflicted with the Local Rules.

We have concluded that it was an abuse of discretion to transfer the case to the 93rd District Court. We next address whether Moore lacks an adequate remedy by appeal to address this error. Moore argues that mandamus relief is appropriate because Judge Mancias lacks authority over the case and quotes the Texas Supreme Court in arguing that Cantu's conduct "[breeds] disrespect for and threatens the integrity of our judicial system." *See In re Bennett*, 960 S.W.2d at 40. In his response to the petition for writ of mandamus, Cantu does not address the adequacy of a remedy by appeal.

We conclude that this case presents extraordinary circumstances and Moore lacks an adequate remedy by appeal. *See In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d at 623. The Texas Supreme Court has recognized a "significant benefit from mandamus review" of matters involving the random assignment of cases. *See In re Union Carbide Corp.*, 273 S.W.3d at 157. As stated previously, rules relating to the random assignment of cases

---

An innocent man faces the criminal charges head on, attempting to clearly demonstrate that he did not commit the actions alleged in the indictment. But the guilty man seeks to thwart justice by creating a long and winding path, full of trees which bar the way. This proceeding and its inherent forum shopping is just another effort to create such [a] long and winding path.

We assume, from this argument, that Cantu is alleging that Moore is the party who is forum shopping in these cases. If that surmise regarding the content of Cantu's argument is in fact correct, Cantu's argument fails both because it has no bearing on the issue presented in this original proceeding and the record before the Court wholly fails to support any such allegation.

21

are necessary to prevent forum-shopping, and "[p]ractices that subvert random assignment procedures breed 'disrespect for and [threaten] the integrity of our judicial system.'" *Id.* (quoting *In re Bennett*, 960 S.W.2d at 40). On balance, review by mandamus is warranted because the benefits of avoiding forum shopping and emphasizing the importance of both appearance and practice in maintaining the integrity of random assignment rules outweigh any alleged detriment. *See id.* We therefore conclude that Moore does not have an adequate remedy on appeal. *See id.*; *see also In re Prudential*, 148 S.W.3d at 136; *see also In re Mike Hooks, Inc.*, 2012 WL 3629000, at *4.

We sustain Moore's sole issue presented in this original proceeding.

## V. CONCLUSION

Parties do not have a protected proprietary interest in having their cases resolved by a particular district judge or court within the county of filing. *See Alpert*, 232 S.W.3d at 123; *Polk*, 165 S.W.3d at 93; *In re Rio Grande Valley Gas Co.*, 987 S.W.2d at 176. However, the "right to a fair and impartial trial is fundamental" to the parties. *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir.1995). And, "fundamental to the judiciary is the public's confidence in the impartiality of our judges and the proceedings over which they preside." *Id.* "Therefore, justice must satisfy the appearance of justice." *Offutt v. United States*, 348 U.S. 11, 14 (1954). It follows that public perception of judicial integrity is "a state interest of the highest order." *Williams-Yulee v. Florida Bar*, 575 U.S. 433, 446 (2015) (quoting *Republican Party of Minnesota v. White*, 536 U.S. 765, 793 (2002) (Kennedy, J., concurring)). Under the circumstances presented here, returning the case

22

to a court that was specifically found to have been obtained by forum shopping engenders an appearance of bias and impairs the appearance of judicial neutrality and integrity.

Accordingly, this Court, having examined and fully considered the petition for writ of mandamus, the responses, and the reply, is of the opinion that Moore has met his burden to obtain mandamus relief. The transfer order signed by Judges Mancias and Singleterry violated the Local Rules and Judge Valdez's transfer order. Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10(b). Because we conclude that the trial court abused its discretion in transferring the case and Moore does not have an adequate remedy by appeal, we conditionally grant the petition for a writ of mandamus and direct the respondents to withdraw the December 16, 2020 order granting the transfer. The writ will issue only if the respondents fail to comply. We deny Moore's requests for writs of prohibition and injunction as stated herein.

NORA L. LONGORIA
Justice

Delivered and filed on the
24th day of February, 2021.

23