

# NUMBER 13-21-00413-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ARCH FUNDING, LLC

### On Petition for Writ of Mandamus.



# NUMBER 13-21-00440-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ROJO ENTERTAINMENT, LLC AND ROTU INVESTMENTS, LLC

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Longoria[1]

On April 13, 2022, this Court denied mandamus relief in these consolidated original

proceedings. See In re Rojo Entm't, LLC, Nos. 13-21-00413-CV & 13-21-00440-CV, 2022

WL 1110523, at *1 (Tex. App.—Corpus Christi–Edinburg Apr. 13, 2022, orig. proceeding)

---

[1] See TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

(mem. op.). Relators Rojo Entertainment, LLC and Rotu Investments, LLC have now filed a motion for rehearing in cause number 13-21-00440-CV. We deny the motion for rehearing, but withdraw our original opinion and substitute the following in its place.

By petitions for writ of mandamus in this consolidated original proceeding, relators Arch Funding, LLC, Rojo Entertainment, LLC, and Rotu Investments, LLC, contend that the trial court erred by setting aside a foreclosure sale.[2] We deny the petitions for writ of mandamus.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

The Court, having examined and fully considered the petitions for writ of mandamus, the responses filed by real parties in interest Jose Pedraza Jr. and JP Lynx Capital Developments, LLC, the replies, and the applicable law, is of the opinion that relators have not met their burden to obtain relief. First, appellate courts are not

---

[2] These original proceedings arise from trial court cause number CL-21-1991-F in the County Court at Law No. 6 of Hidalgo County, Texas. The relators each seek relief regarding the same trial court ruling.

authorized to resolve factual disputes in a mandamus proceeding. *See In re Woodfill*, 470 S.W.3d 473, 478 (Tex. 2015) (orig. proceeding) (per curiam); *In re Angelini*, 186 S.W.3d 558, 560 (Tex. 2006) (orig. proceeding); *In re Perez*, 508 S.W.3d 500, 503 (Tex. App.—El Paso 2016, orig. proceeding [mand. denied]). Further, determinations regarding credibility and demeanor are issues that are reserved for the trial court on mandamus review. *In re B.B.*, 632 S.W.3d 136, 141 (Tex. App.—El Paso 2021, orig. proceeding). Here, the parties disagree regarding the sequence of events that transpired; they accuse each other of filing false pleadings and committing inequitable behavior; and the trial court's ruling depended in part on the credibility of the parties and their counsel. Second, mandamus does not issue for preliminary, incomplete, or conditional rulings. *See, e.g., In re Walmart, Inc.*, 620 S.W.3d 851, 866–67 (Tex. App.—El Paso 2021, orig. proceeding [mand. denied]); *In re Watson*, 259 S.W.3d 390, 392-93 (Tex. App.—Eastland 2008, orig. proceeding); *In re Rodriguez*, 409 S.W.3d 178, 180–81 (Tex. App.—Beaumont 2013, orig. proceeding) (per curiam). The order at issue in this original proceeding appears to be preliminary in nature and, by its terms, contemplates further court consideration. Based on the foregoing, we deny the petitions for writ of mandamus in these causes.

NORA L. LONGORIA
Justice

Delivered and filed on the
14th day of June, 2022.

4