

# NUMBER 13-22-00518-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE INTEX RECREATION CORP.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina
Memorandum Opinion by Justice Benavides[1]**

By petition for writ of mandamus, relator Intex Recreation Corp. contends that the

trial court abused its discretion by granting a partial motion for summary judgment

regarding parental immunity in favor of the real parties in interest, Jaime Flores and

Veronica Flores, individually and as representative of the estate of A.F., and as next

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

friends of J.C., a minor child. Relator has also filed an unopposed motion to stay the trial of this case which is presently set to occur in March of 2023.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by the real parties in interest, the reply filed by relator, the record, and the applicable law, is of the opinion that relator has failed to meet its burden to obtain relief. First, relator bases its contentions and argument, in part, on the law pertaining to the designation of responsible third parties. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004. However, this matter is before the Court on a motion for partial summary judgment regarding parental immunity, not a motion for leave to designate a responsible third party, nor a motion to strike, and the issue of whether the plaintiffs in this case constitute responsible third parties has not been litigated. *See In re CVR Energy, Inc.*, 500 S.W.3d 67, 78 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding [mand. denied])

2

("[W]e follow the straightforward construction that 'third party' means a party that is not otherwise a party to the litigation."). In this regard, while we examine the adequacy of a remedy by appeal based on the specific circumstances presented, we note that orders granting partial summary judgment are typically reviewed by appeal from a final judgment because appeal serves as an adequate remedy in such cases. *Compare, e.g.*, *In re Mobile Mini, Inc.*, 596 S.W.3d 781, 787–88 (Tex. 2020) (orig. proceeding) (per curiam) (concerning third party designations), *with, e.g.*, *In re Dynamic Health*, 32 S.W.3d 876, 881 (Tex. App.—Texarkana 2000, orig. proceeding) (regarding partial summary judgments); *see also Walker*, 827 S.W.2d at 842 ("[A]n appellate remedy is not inadequate merely because it may involve more expense or delay than obtaining an extraordinary writ.").

Second, relator's arguments are not clearly founded in the record. Here, the real parties are suing individually, as representative of an estate, and as next friend of a minor child, and they assert, among other causes of action, wrongful death and survival claims; however, neither the motion for partial summary judgment nor the order granting the motion for partial summary judgment clearly identifies the parties and capacities in which the partial summary judgment has been granted. *See Shoemake v. Fogel, Ltd.*, 826 S.W.2d 933, 938 (Tex. 1992) (delineating the parameters of parental immunity and its effect on contribution claims); *Ruff v. Univ. of St. Thomas*, 582 S.W.3d 707, 712–15 (Tex. App.—Houston [1st Dist.] 2019, pet. denied) (discussing the interplay between parental immunity and proportionate responsibility).

Third, and finally, relator's contentions regarding the ramifications of the partial

3

summary judgment depend on speculation insofar as the trial court has not made any evidentiary rulings regarding contributory negligence, the case has not been submitted to the jury with any particular charge, and the trial court has not considered the appropriate damage award, if any, following the jury's verdict. At best, relator's contentions that the trial court has precluded the submission of the issue of contributory negligence to the jury are premature. *See In re Ford Motor Co.*, 124 S.W.3d 147, 147 (Tex. 2003) (orig. proceeding) (per curiam). We do not issue advisory opinions, nor do we grant mandamus relief based on hypothetical facts or conjecture. *See id.*; *In re Rodriguez*, 409 S.W.3d 178, 180 (Tex. App.—Beaumont 2013, orig. proceeding) (per curiam); *In re Kuster*, 363 S.W.3d 287, 290 (Tex. App.—Amarillo 2012, orig. proceeding). Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.4, 52.5, 52.8. Given our resolution of this original proceeding, we dismiss relator's unopposed motion to stay the trial of this case as moot.

GINA M. BENAVIDES
Justice

Delivered and filed on the
27th day of February, 2023.

4